# Richmond.

### DOOLEY & BAYLESS v. CITY OF BRISTOL.

#### JANUARY 14, 1904.

1. MUNICIPAL CORPORATIONS—*License Tax—Business, Occupation or Profession—Penalty.*—A city ordinance imposing a fine on any person conducting a business, occupation or profession for the conduct of which a license is required, without first obtaining such license, has no application to a non-resident merchant whose place of business is without the State, and who keeps a team outside of the State which he uses upon the streets of the city in delivering goods to his customers, although a previous section of the same ordinance imposes a license tax for the privilege of running vehicles for conveying passengers or freight over the streets of the city. Such use of the streets is not a business, occupation or profession for which a license is required.

Error to a judgment of the Corporation Court of the city of Bristol, affirming a judgment of the police justice of said city, rendered upon a warrant charging the plaintiffs in error with a violation of an ordinance of the defendant in error.

*Reversed.*

The opinion states the case.

*Peters & Lavinder,* for the plaintiffs in error.

*S. V. Fulkerson,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiffs in error were arrested and fined by the city of Bristol for running a vehicle conveying freight over the streets of the city, without a license.

The section of the city ordinance requiring such license is as follows:

"Sec. 78. The license tax for the privilege of running vehicles for conveying passengers or freight over the streets of Bristol shall be as follows: For every one-horse buggy, wagon, dray, cart, or hack, except such buggies and carriages as are kept for pleasure or family use, and are not for hire, the license tax shall be two dollars; for every two-horse vehicle other than an omnibus, three dollars; for every two-horse omnibus or hack, the tax shall be four dollars; and for every four-horse wagon, the tax shall be four dollars."

The section relied on as authorizing a fine for its violation is section 80, which provides that, "any person conducting a business, occupation or profession for the conduct of which a license is required under this ordinance, without first obtaining such license, shall be fined not less than five dollars nor more than twenty-five dollars for each offense."

Several grounds of error are assigned to the judgment complained of, but in the view we take of the case it is only necessary to consider one of them, as the decision of the other assignments of error, no matter how decided, would not affect the result.

The plaintiffs in error are furniture merchants and undertakers, doing business in the city of Bristol, Tennessee, and are non-residents of this State. In conducting their business they use their own wagon and team in delivering merchandise to their customers in Bristol, Virginia, and in delivering merchandise sold by them and shipped out of the city, to the railway stations located in the city of Bristol, Virginia. They have no place of business in this State, and their wagon and team are kept in the State of Tennessee, except when engaged in the delivery of goods as above stated. It is not claimed that the defendant in error had imposed, or could impose, a license tax

upon them for conducting their business as furniture merchants and undertakers in the State of Tennessee. But the contention is that it had the right to impose a license tax upon them for the use of its streets by their wagon and team, in delivering goods sold by them.

Conceding, for the purposes of this case, that the city of Bristol is authorized by its charter to impose a license tax upon persons hauling freight or passengers over its streets, and that section 78 of its ordinance does impose such tax, no penalty is provided for its violation unless the person charged with such violation is engaged in some business, occupation or profession, for the conduct of which a license is required by the defendant in error. The plaintiffs in error not being engaged in any business or occupation for the conduct of which the defendant in error has imposed upon them a license tax, do not come within the provisions of section 80. And as that is the only section authorizing a fine to be imposed upon persons using the streets of the defendant city in violation of the provisions of section 78, the judgment complained of was unauthorized, and should have been set aside by the Corporation Court, and the warrant dismissed.

This court will enter such judgment as the Corporation Court ought to have entered.

*Reversed.*