# Richmond.

## CITY OF PORTSMOUTH v. MILLER, RHOADS & SCHWARTZ, INC.

March 20, 1924.

Absent, Burks, J., and Kelly, P.

1. LICENSES—*Motor Vehicles—Nonresidents—Power of General Assembly— Power of Municipality.*—Under a general power granted to a city to impose license taxes, such taxes may be imposed upon nonresidents who habitually use their vehicles upon the city streets in the promotion of their business. This power, however, is derivative, not inherent, and depends upon legislative sanction. The General Assembly, which conferred the power, may at any time limit, revoke, or withhold it.

2. LICENSES—*Municipal Corporations—Motor Vehicles—Nonresidents.*— Section 2152 of the Code of 1919 permits the imposition of an additional local license upon motor vehicles "by the city, town or county in which such machine is," but limits the number of such local licenses to one for each machine; that is, it provides that no person shall be required to pay a license tax in more than one city or county. Therefore, a merchant engaged in business in one city and paying license taxes on his delivery vans in that city, cannot be subjected to a license tax on such vans by another city, although the vans make frequent deliveries in the latter city.

Error to a judgment of the Circuit Court of the city of Portsmouth, upon a warrant charging a violation of a city license tax ordinance. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. C. Barclay,* for the plaintiff in error.

*Pender, Way & Foreman,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This case arises upon a warrant charging that Miller, Rhoads & Schwartz, Incorporated, had violated the city license tax ordinance in unlawfully operating a delivery truck in the city without obtaining a license therefor. It was submitted to the trial judge upon an agreed statement of facts, and there was a judgment in favor of the defendant.

These are the facts agreed:

The city of Portsmouth, Virginia, acting through its council, passed an ordinance on the 26th day of April, 1921, entitled "an ordinance imposing a license tax for the city of Portsmouth for the year beginning May 1, 1921."

Section 9 of said ordinance (so far as applicable) reads as follows:

"9. Automobiles, wagons, etc.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"Each resident or nonresident automobile van or truck, public or private, one ton or less, $21.00; over one ton, but not over three tons, $36.00; over three tons, $51.00.

\*     \*     \*     \*     \*  .  \*     \*     \*     \*     \*

"The foregoing sections to apply to every cart, truck, wagon, automobile, automobile van or truck, or hack used for conveying or hauling merchandise, for hire or not (excepting such as are used exclusively for domestic or farm purposes), and no vehicle shall be used in the city for hauling, directly or indirectly, for the purpose of evading the aforesaid tax, but any person may obtain a special license to haul his own goods or other articles for his trade or business without subjecting his wagon, team or vehicle to be hired by others, in which case the commissioner of the revenue is authorized to

grant him a special license therefor upon the payment of said tax.

"The license tax in this section shall be in addition to any other city tax."

Section 67 of said ordinance in part reads as follows:

"Each nonresident person, firm or corporation, who may use our streets in pursuance of their business at least once a week shall pay the tax required by this ordinance."

Miller, Rhoads & Swartz, Incorporated, is a corporation under the laws of the State of Virginia, having its principal office in the city of Norfolk.

The defendant corporation is a retail merchant, engaged in business in the city of Norfolk, and maintains and operates a large retail dry goods store fronting on Main, Plume and Bank streets, in the city of Norfolk. It makes sales only at its said store in the city of Norfolk, but sells at its said store in Norfolk to persons residing in the city of Portsmouth, goods to be delivered in the said city of Portsmouth, and takes telephone orders from residents of Portsmouth at its said store in Norfolk for goods to be delivered in Portsmouth, and in the same manner to customers in Norfolk, South Norfolk, Norfolk county, and Princess Anne county. No sales are made anywhere except at the store and no orders taken at any other place. It has no place of business in the city of Portsmouth.

It maintains and operates several automobile delivery vans to deliver the goods purchased at its store in the city of Norfolk by its customers whose residences are in the city of Norfolk, city of South Norfolk, city of Portsmouth, county of Norfolk, or in the county of Princess Anne.

The defendant corporation has duly paid State license taxes on all of its delivery vans and fully complied with

the provisions of chapter 90 of the Code of 1919 and in addition has paid to the city of Norfolk a license tax on each of said vans as required under the ordinances of the city of Norfolk to be paid for automobiles kept therein.

The defendant's delivery vans use the streets in the city of Portsmouth for the purposes of delivering to places in said city goods bought from the defendant at its said store in the city of Norfolk by customers residing in the city of Portsmouth, and for such purpose use the streets of said city at least once a week, to-wit: several times a week, and without having obtained the license required by said ordinance did, on the 23rd day of August, 1921, employ a van in the city of Portsmouth for said purpose.

[1] In support of the contention that the defendant is liable for the tax claimed, the city relies on *Frommer* v. *City of Richmond,* 31 Gratt. (72 Va.) 646, 31 Am. Rep. 746; *Dooley* v. *Bristol,* 102 Va. 232, 46 S. E. 296, and. *White Oak Coal Co.* v. *Manchester,* 109 Va. 749, 64 S. E. 944,132 Am. St. Rep. 943, which establishes the rule that, under a general power granted to a city to impose license taxes, they may be imposed upon nonresidents. who habitually use their vehicles upon the city streets. in the promotion of their business.

This power, however, is derivative, not inherent, and depends upon legislative sanction. The General Assembly, which conferred the power, may at any time limit, revoke, or withhold it.

[2] The defense is based upon Code, chapter 90, motor vehicles, which is a general statute manifestly intended to cover the whole subject of regulating the operation of automobiles upon all public highways of the Commonwealth, and the imposing of State and local licenses therefor. General powers of taxation vested by

charter in municipalities, which are in conflict with this general statute, are thereby limited and modified. Code, section 2152, which is part of this general regulatory statute, is decisive of this case.  It relates specifically to local municipal taxes, and reads:

"Where License Tax is Payable.—Any person, firm, association or corporation, licensed under this chapter, may be required to pay a license tax in the city, town or county in which such machine is, or in which such garage is located, but in no case shall any person be required to pay a license tax in more than one city or county."

Other sections of the statute impose State license taxes upon automobiles and prescribe the conditions upon which they may be operated in the State, while this section thereof permits the imposition of an additional local license "by the city, town or county in which such machine is," but limits the number of such local licenses to one for each machine.  That which is so obvious needs no demonstration.

The Illinois Motor Vehicle Law of 1915 (Laws 1915, page 592) limits the imposition of local license taxes to the municipality in which the owner of the vheicle resides.  This limitation is held valid for the same reasons which we have here indicated in *Heartt* v. *Downers Grove*, 278 Ill. 92, 116 N. E. 869.

The judgment of the trial court is plainly right.

*Affirmed.*