# Richmond.

## CITY OF PORTSMOUTH v. D. PENDER GROCERY COMPANY.

### March 20, 1924.

#### Absent, Burks, J., and Kelly, P.

Error to a judgment of the Circuit Court of the city of Portsmouth, upon a warrant charging a violation of a city license tax ordinance. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. C. Barclay*, for the plaintiff in error.

*Pender, Way & Foreman*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This case arises upon a warrant charging that D. Pender Grocery Company had violated the city license

tax ordinance in unlawfully operating a delivery truck in Portsmouth without obtaining a license therefor. It was submitted to the trial judge on an agreed statement of facts. The defendant was acquitted and the warrant dismissed.

The case involves the same legal question which has been this day determined in *City of Portsmouth* v. *Miller, Rhoads & Schwartz, Inc., ante* page 823, 121 S. E. 891, though the facts differ in the particulars hereinafter indicated. Omitting the ordinance under which the city asserts its right to impose the license, these are the agreed facts peculiar to this case:

"D. Pender Grocery Company is a corporation under the laws of the State of Virginia, with its principal office in the city of Norfolk. The principal place of business and general headquarters of the company are located on Granby and Market streets and Monticello avenue, in Norfolk. The defendant company owns and operates a chain of about sixty retail 'cash and carry' stores in Virginia, located as follows: City of Norfolk, thirty; city of Portsmouth, eighteen; county of Norfolk, six; city of South Norfolk, two; Virginia Beach, one; Suffolk, two; Smithfield, two; Cape Charles, one; Onancock, one; and one at Nassawadox.

"It also owns and operates a general warehouse in the Southgate Terminal Building in Norfolk, where it keeps its stock of groceries for supplying said 'cash and carry' stores with the goods sold by them.

"Each chain store has a manager, and such manager prepares at such chain store written orders for all goods sold at such stores and said written orders are forwarded by mail from such chain store to the general warehouse in Norfolk, or are picked up by the superintendent of the chain stores as he visits them from time to time and carried to the said warehouse and headquarters in the Southgate Terminal Building, in Norfolk.

"The goods so ordered by a chain store through its manager, are billed out at market selling prices to the various chain stores and loaded in the trucks at the Southgate Terminal Building, Norfolk, Virginia, which said trucks haul the said orders to the various chain stores in the cities of Norfolk, Portsmouth, South Norfolk, town of Virginia Beach and county of Norfolk. Deliveries to chain stores in other towns and counties in Virginia are made by the trucks hauling the goods from the said warehouse in the Southgate Terminal Building to the stations of the railroad and steamboat lines in Norfolk, from where they are carried by such common carriers to the chain stores situated in Suffolk, Smithfield, Cape Charles, Onancock and Nassawadox.

"Each of the defendant's trucks used for making these deliveries from the warehouse in the Southgate Terminal Building in Norfolk to the various retail stores in Norfolk, Portsmouth, South Norfolk, Virginia Beach and Norfolk county goes indiscriminately into each of these jurisdictions, that is to say, no truck has any particular city or county to make deliveries, but makes deliveries in all as the orders come in and as such truck's turn arrives.

"Goods that are not disposed of at the chain stores, and empties, are hauled back by truck to the said warehouse in Norfolk.

"Each chain store in the city of Portsmouth, as well as elsewhere, is conducted on a purely 'cash and carry' basis; no deliveries whatever are made from any chain store, but all goods purchased are taken away by the customers. The work that the trucks in question perform is hauling the goods from the warehouse in Norfolk to the various chain stores situated in Norfolk, Portsmouth, South Norfolk, Virginia Beach and Norfolk county as orders are received at the warehouse and

headquarters of the defendant company in Norfolk, from the various chain stores.

"The said trucks are maintained and operated as a part of the said warehouse and delivery department of the defendant located in the Southgate Terminal Building in Norfolk and no part of the expense of maintenance and operation is charged to any chain store. Neither the manager of nor any employee in any chain store exercises any control or authority over any of the trucks in question, but all of the said trucks are controlled and directed from the defendant's head offices in the city of Norfolk.

"The defendant company does not maintain any offices, warehouse or headquarters in the city of Portsmouth or in any city or county other than Norfolk and all of its sixty odd chain stores are directed from its head office in the city of Norfolk.

"At night, on Sundays, holidays and other times when the said trucks are not in actual operation they are kept in the defendant's garage, in National lane, in the city of Norfolk, and receive the police, fire and other protection of the said city of Norfolk.

"Defendant is duly licensed by the State of Virginia and the city of Portsmouth (in like manner as by the other cities and counties in which 'cash and carry' chain stores of the defendant are located) to conduct the said eighteen (18) retail grocery stores in the city of Portsmouth, and the city and State licenses for each of the said eighteen stores are based upon the purchases made by such retail 'cash and carry' store in the same manner as if the said purchases were made from other persons, firms or corporations than the D. Pender Grocery Company.

"Some of the trucks employed by the defendant's warehouse and delivery department use the streets and

highways in the city of Portsmouth at least once a week, to-wit: two times a week for the purpose of hauling goods from the warehouse in the Southgate Terminal Building in Norfolk to defendant's chain stores in the city of Portsmouth, in the same manner that the said trucks use the streets in the cities of Norfolk, South Norfolk and Norfolk county to deliver goods from its warehouse in the Southgate Terminal Building to its chain stores in those jurisdictions.

"The said defendant, without having obtained the license required by the said ordinance of the city of Portsmouth, did on the 23rd day of August, 1921, employ one of its said trucks in the city of Portsmouth, for delivering goods in the manner hereinbefore stated."

Without repeating what we have said in the *Miller, Rhoads & Schwartz Case*, it is clear to us from these facts that the case has been properly decided. As the delivery trucks were each subject to a license tax by the city of Norfolk, where they are habitually kept and used, they are not subject to any other local license tax because Code, section 2152, expressly prohibits the imposition of more than one such local license tax. Being thus subject to the single local license tax authorized by law, the company has the right to operate its trucks, for the purpose and in the manner indicated in the statement of facts, upon the streets of the city of Portsmouth as well as upon the other public highways of the Commonwealth.

*Affirmed.*