# Richmond

## RICHMOND-PETERSBURG FREIGHT LINES, INC. v. CITY OF RICHMOND, VIRGINIA.

December 6, 1943.

Record No. 2710.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*S. W. Shelton,* for the plaintiff in error.

*Horace H. Edwards* and *Henry R. Miller, Jr.,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

The question for our determination is whether the city of Richmond· is authorized to levy a license tax upon the motor vehicles of a common carrier operated upon the streets of the city, and engaged only in intrastate and interstate commerce.

The appellant is a Virginia corporation, with its principal office located in the city of Richmond. It operates exclusively, under certificates of convenience and necessity from the Virginia State Corporation Commission and the Interstate Commerce Commission, as a common carrier of property by motor vehicle, both in intrastate and interstate commerce. Its motor trucks were duly licensed for the year 1942 by the Commonwealth of Virginia, and equipped with "X" license plates, the type of license plates issued by the Commonwealth to common carriers of property for use on ·vehicles kept within the State. The carrier operates chiefly between the cities of Richmond and Petersburg, Virginia, transporting freight partly in intrastate commerce and partly, through interchange of freight with other common carriers, in interstate commerce. It maintains offices and freight terminals in both Virginia cities, which are used for the collection, shipment and delivery of freight incident to its business.

On May 22, 1942, two of its trucks, bearing proper State license plates, were found operating in the carrier's usual course of business upon the streets of Richmond. Upon a warrant charging their unlawful operation without payment of the city vehicle license tax required for each of such vehicles by section 52, chapter 10, of the Richmond City Code, 1937, the carrier was found guilty, and a fine of $15 and costs were imposed upon it.

The Motor Vehicle Code of Virginia, 1936, Michie's Code, chapter 90B, section 2154(48) *et seq.* (Acts of 1932, page 614, as amended) and the Motor Vehicle Carriers' Act, Michie's Code, 1936, chapter 161A, section 4097(m), *et seq.* (Acts of 1930, page 893, *et seq.*, as amended) are intended to cover the whole subject of regulating the operation of automobiles upon all public highways of the State and the imposing of State and local licenses therefor. General powers of taxation vested by charter in municipalities which are in conflict with these general statutes are thereby limited and modified. *Portsmouth* v. *Miller*, 138 Va. 823, 121 S. E. 891.

The Motor Vehicle Code covers the entire subject of licensing vehicles therein defined other than those used by common carriers. The Motor Vehicle Carriers' Act relates to motor vehicles used by common carriers.

It is conceded that unless the Motor Vehicle Code conferred the power upon the municipality to impose the local vehicle license tax upon the motor vehicles in question, there is no other authority to do so.

Section 35 of the Motor Vehicle Code, Acts of 1932, page 614, is the only section in that Act which contained a provision relating to the licensing of motor vehicles. Virginia Code, 1936, (Michie) section 2154(82). That section was made up of thirteen subsections with a concluding provision applicable to the whole section. Subsections (a), (b), (c), and (d) dealt with the registering and licensing of private automobiles and privately owned trucks, trailers and semi-trailers. Subsection (e) covered the licensing of vehicles owned by automobile dealers, manufacturers or agents.

Subsections (f), (g), (h), and (i) covered the licensing of motor vehicles operated for compensation within the purview of the Act. (Subsection (g-1) was added in 1940, Acts of 1940, page 563). Subsections (f) and (g) expressly excluded the motor vehicles of common carriers of passengers or property operating under certificates issued by the State Corporation Commission or Interstate Commerce Commission from certain requirements of the Act.

Subsection (j) contained the only provision relating to local taxes on motor vehicles. It read as follows:

"(j)    Incorporated towns and cities may levy and assess taxes and charge license fees and taxes upon vehicles, as heretofore, except license fees and taxes upon motor vehicles used by a dealer or manufacturer for sales purposes. Such license fees and taxes to be charged, imposed and assessed in such manner, on such basis, and for each period, as the proper authorities of such incorporated towns and cities may determine, and subject to proration for fractional periods in the same manner as prescribed in subsection (h) hereof." Code 1936, section 2154 (82), (j).

However, the last and concluding paragraph of section 35 of the Act of 1932 also contained the further express provision that:

"Nothing in this section shall be construed so as to apply to a common carrier of persons or property holding a certificate issued by the State corporation commission."

In 1936, (Acts of 1936, page 638) the General Assembly amended the above last mentioned provision to read as follows:

"Nothing in this section shall be construed so as to apply to a common carrier by motor vehicle of passengers or property nor to a restricted common carrier by motor vehicle of passengers or property holding a certificate issued by the State Corporation Commission, as to a common carrier by motor vehicle of passengers or property holding a certificate issued by the Interstate Commerce Commission, while engaged in the business of a common carrier by motor

vehicle of passengers or property, such carriers being otherwise taxed by law." (Code 1936, section 2154(82).)

The Motor Vehicle Code must be read as a whole. The language of the General Assembly in the wording of the above paragraph is as clear, positive and comprehensive as language can be. It is free from ambiguity and misunderstanding. The vehicles of a common carrier of passengers or property are not merely exempted as one of a class of vehicles covered by the Act; they are in a class which is clearly and positively excluded from its coverage and, in addition, the reason for the exclusion is given,—"such carriers being otherwise taxed by law."

Common carriers by motor vehicle of passengers or property are "otherwise taxed by law." They are required by Virginia Code, 1936 (Michie) section 4097t to pay an annual license tax on each of their vehicles and also a tax on their gross transportation receipts arising out of their operations in this State.

We are not unmindful that cities, through which any motor vehicle carrier operates, are not precluded from levying a reasonable road tax for the use of their streets, based on the mileage travelled. Section 11 of the Motor Vehicle Carriers' Act, Virginia Code, 1936 (Michie) section 4097y (24). In addition, counties, cities and towns are allotted a share of the rolling stock property tax upon motor vehicle carriers for each mile travelled by such carriers in such county, city or town. Towns and cities having more than 3,500 inhabitants are also entitled, under certain conditions, to receive a share of the State highway funds for maintenance and construction of their streets, roads and bridges, under section 9 of chapter 415, Acts of 1932.

Clearly indicative of the legislative policy, intent and purpose, is section 35-e of chapter 377 of the Acts of 1942, page 587, Virginia Code, 1942, (Michie) section 2154(82e), in effect January 1, 1943, which reads as follows:

"Except as hereinafter otherwise provided, incorporated towns and cities may levy and assess taxes and charge license fees and taxes upon vehicles, except license fees and taxes

upon vehicles used by a dealer or manufacturer for sales purposes, and except vehicles used by common carriers of persons or property operating between cities and towns and not in intra-city transportation. * * * "

The city of Richmond was without authority to impose the license tax in question here. We, therefore, reverse the judgment of the trial court, and dismiss the warrant upon which it is founded.

*Reversed and dismissed.*