## Richmond

MERLE E. MARTIN V. CITY OF HARRISONBURG.

January 16, 1961.

Record No. 5175.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Glenn W. Ruebush*, for the plaintiff in error.

*Lawrence H. Hoover* and *Lawrence H. Hoover, Jr.* (*James R. Sipe*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The appellant, Merle E. Martin, has been convicted and sentenced to pay a fine for violating § 95 of the license tax ordinance of the city of Harrisonburg, which provides that a person engaged substantially in operating passenger busses exclusively for hauling passengers for compensation over the streets of the city must first obtain a permit from the council of the city and pay to the city "for said privilege" an annual license fee of $125 for the first bus and $50 for each additional bus.

The case was heard by the trial court on a stipulation of facts to

the effect that appellant owned and operated three pasenger busses in the city in intracity transportation during the year 1958, and maintained and used one additional standby bus for said purposes during that year; that he had not paid the license tax assessed against him by the city for said year as required by said ordinance; that the license tax was assessed against him under § 95 of the license tax ordinance of the city which was in effect during 1958; and that the city relied on § 12 of its charter granted by the General Assembly, Acts 1952, ch. 712, p. 1174, and on § 58-266.1 of the Code, as its authority for imposing the tax. In the argument at bar counsel for the city conceded that the Code section furnished no authority for the ordinance.

Section 12 of the charter provides:

"The council is empowered to raise annually by taxes and assessments on all subjects of taxation in said city as to which there is no restraint or prohibition by the Constitution or general law, such sums of money as it shall deem necessary to pay the debts and defray the expenses of the city, and in such manner as it shall deem expedient; provided that the rate of taxation on real estate and tangible personal property in the city shall not exceed three dollars upon the one hundred dollars of assessed value thereof."

The appellant contends that § 95 of the license tax ordinance of the city, *supra*, is void and that hence the court should have found the defendant not guilty. His argument is that as to motor vehicles the Commonwealth has occupied the entire taxing and licensing field and therefore § 12 of the city charter gives no authority for imposing the tax since it limits the city's right to tax to subjects "as to which there is no restraint or prohibition by the Constitution or general law". He relies on *Richmond-Petersburg Lines* v. *Richmond*, 182 Va. 132, 28 S. E. 2d 7, decided in 1943, particularly on the statements therein that the then Motor Vehicle Code and Motor Vehicle Carrier's Act were "intended to cover the whole subject of regulating the operation of automobiles upon all public highways of the State and the imposing of State and local licenses therefor"; that "general powers of taxation vested by charter in municipalities which are in conflict with these general statutes are thereby limited and modified"; and that, concededly, "unless the Motor Vehicle Code conferred the power upon the municipality to impose the local vehicle license tax upon the motor vehicles in question, there is no other authority to do so". 182 Va. at 134, 28 S. E. 2d at 8.

As pointed out in the opinion, the then Motor Vehicle Code, Acts 1932, ch. 342, p. 613, contained a provision that towns and cities might levy and assess taxes and charge license fees and taxes upon vehicles, as theretofore, with certain exceptions, but as amended by Acts 1936, p. 638, it provided that nothing in the Act should apply to a common carrier of passengers or property holding a certificate from the State Corporation Commission or from the Interstate Commerce Commission. The carrier in that case "engaged only in intrastate and interstate commerce" and operated exclusively under certificates of convenience and necessity from the State Corporation Commission and the Interstate Commerce Commission. It was accordingly held that the city was without authority to impose upon the carrier the vehicle license tax in question in the case.

Clearly that case does not decide this one. The Harrisonburg ordinance levies not a vehicle license tax but a business privilege tax "for said privilege" of operating passenger busses "exclusively for hauling for hire or compensation passengers over the streets of the City of Harrisonburg," or, as the statement of facts says, only "in intra-city transportation". The ordinance was passed pursuant to a legislative grant of power in the charter of the city to the council of the city to levy taxes "on all subjects of taxation in said city as to which there is no restraint or prohibition by the Constitution or general law". Such business privilege tax is not prohibited by the Constitution or by any statute.

Section 46.1-65 in Article 1 of Chapter 3 of the Motor Vehicle Code on the subject of "Registration and Licensing" provides that counties, cities and towns may levy and assess taxes and charge license fees upon motor vehicles, but the amount of the license fee or tax so imposed "shall not be greater than the amount of the license tax imposed by the State on vehicles of like class". Such license fees and taxes must be "subject to proration for fractional periods of years in the manner prescribed in § 46.1-165". The latter section is in Article 9 of Chapter 3, which article deals with "Fees for Registration" for motor vehicles designed and used for the transportation of passengers upon the highways of the State and for motor vehicles not designed and used for the transportation of passengers; and said § 46.1-165 provides for a reduction of the annual fees when the registration certificates and license plates are issued for only part of the license year. Said § 46.1-65 deals with fees and taxes for the registering and licensing of motor vehicles operated on the highways

of the State, and does not have the effect of restraining or prohibiting the city of Harrisonburg from assessing against the appellant the business privilege tax involved in the present proceeding. This is emphasized by the provision of § 46.1-66, paragraph (6), to the effect that no county, city or town shall impose any tax or license fee on a motor vehicle operated by a common carrier of persons or property between cities and towns in this State "and not in intracity transportation".

The present case falls within the principles stated in *Chesapeake & Potomac Telephone Co.* v. *Newport News*, 196 Va. 627, 85 S. E. 2d 345, involving the validity of an ordinance of the city imposing a license tax on the business of the company within the city, enacted under provisions of the charter of the city similar to the provisions of § 12 of the Harrisonburg charter. In the opinion sustaining the ordinance written by Mr. Justice Spratley, also the author of the opinion in the *Richmond-Petersburg* case, *supra*, it was said that the Newport News charter was substantially the same as that found in the charters of other cities of the Commonwealth, which had been repeatedly construed to confer upon a city general powers of taxation "including all persons and subjects of taxation, except only as it may be limited by the laws of this State or of the United States" (196 Va. at 633, 85 S. E. 2d at 349); that the tax imposed by the Newport News ordinance was a privilege tax; that § 58-266.1 of the Code supplements rather than limits the general power of a city to levy license taxes, and "does not limit or curtail the right of a city to impose such tax on any other business whether a license therefor be required by the State or not" (196 Va. at 634, 85 S. E. 2d at 349); and that "There is no provision in the Constitution or in the statutes inhibiting a city or town from levying a license tax measured by a percentage of the gross receipts of a telephone company for the privilege of doing business in such city or town" (196 Va. at 636, 85 S. E. 2d at 350).

The case of *Estes* v. *Richmond*, 193 Va. 181, 68 S. E. 2d 109, involved the right of the city to collect a business license tax from Estes, who was engaged in the intrastate business of a common carrier of freight by motor vehicle under certificates of public convenience and necessity from the State Corporation Commission and who transported no freight wholly within the city. The question of the authority of the city under its charter to impose the tax was raised in the case but not decided because the business of Estes was not included

in the businesses listed in the ordinance upon which a license tax was imposed.

*Atlantic Greyhound* v. *Winchester*, 195 Va. 302, 78 S. E. 2d 666, was concerned with the validity of an ordinance of the city imposing a license tax on a bus terminal of the carrier under the 1950 amendment to § 46-65 of the Code, which amendment is now § 56-337.1, 1959 Replacement Vol. of the Code. It was held that the facts of the case brought the terminal squarely within the exception to the power given by the 1950 amendment and it was therefore not subject to the tax imposed by the city. Neither this case nor the *Estes* case, which are referred to by the appellant in his brief, is in point on the question involved in the present case.

For the reasons stated the judgment appealed from is

*Affirmed.*