# Richmond

COMMONWEALTH OF VIRGINIA V. W. O. ELLETT.

October 9, 1939.

Record No. 2147.

Present, Holt, Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

404

*Abram P. Staples, Attorney-General,* and *S. W. Shelton, Assistant Attorney-General,* for the Commonwealth.

*W. A. Hall, Jr.,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

On September 21, 1935, W. O. Ellett was convicted, in the Police Court of the city of Richmond, of operating a motor vehicle upon the highways of this State while intoxicated. His penalty was fixed by the police justice at a fine of $100 and costs. The judgment of conviction, in addition, of itself operated to deprive him of the right to drive any such vehicle on the highways of this State for a period of one year from the date thereof. (Acts of Assembly 1934, chapter 144; Virginia Code 1936, section 4722.)

On May 8, 1936, within a year of the above conviction, and in the same court, Ellett was again convicted of a similar offense, committed after September 21, 1935. This conviction carried a penalty of one month in jail and a fine of $100 and costs. Although the penalty imposed was applicable to either a first or second offense, no reference was made to the prior conviction in the second warrant, or in the judgment of conviction thereon.

The Director of the Division of Motor Vehicles, hereinafter referred to as the Director, upon receiving a report of the first conviction, entered an order revoking, for a

period of one year from the date of that judgment, the operator's license previously issued to Ellett.

Upon receiving a report of the conviction of May 8, 1936, the Director, on the 25th day of May, 1936, entered another order again revoking the operator's license issued to Ellett, depriving him of the right to drive within the State of Virginia for a period of three years from the date of the last conviction, May 8, 1936.

On December 17, 1938, less than three years after the last conviction, Ellett applied to the Director, in writing, for a new operator's license. This application was denied by the Director on December 20, 1938, on the sole ground that two convictions of driving under the influence of intoxicants automatically revoked the offender's permit or license for three years from the date of the last conviction, regardless of whether or not the offender had been charged with a second offense upon his trial for the latter offense.

On appeal to the Hustings Court of the city of Richmond, the Director's decision was reversed, and he was ordered to issue a permit or license to Ellett. To that judgment a writ of error was awarded.

It is agreed by the Attorney-General for the Commonwealth and by counsel for Ellett that, since Ellett's permit to drive was revoked under Code, section 4722, the extent of the revocation is to be determined under that section of the Code rather than under the provisions of the Virginia Operators' and Chauffeurs' License Act, Virginia Code 1936, chapter 90C, section 2154 (170) et seq.

Ellett contends that his last conviction was a conviction for a "first offense," since the warrant did not allege the last offense to be a "second offense," and conviction thereof deprived him merely of the right to secure a permit to operate a motor vehicle in Virginia for a period of one year from the date of conviction.

This presents for our consideration the sole question, whether the revocation of the permit is, under the statute, a part of the punishment for the crime charged.

■ Ellett has had trial for each of the two offenses charged. The two judgments of conviction are final, and are now matters of record. Within the limits prescribed by law, the trial court fixed the measure of punishment for each offense. The penalty of being deprived of the right to operate a motor vehicle is not a part of, nor within the limits of the punishment to be fixed by a court or jury.

We are not here concerned with the question of trial procedure, or the quantum of evidence necessary to secure a conviction. We are not dealing with the degree of gravity of the accused's guilt upon either conviction, but with the effect of the two separate and distinct convictions upon his rights as a citizen.

■ In construing Code, section 4722, we must give consideration to the words used, their relation to the subject matter in which they are used, the purposes for which the statute was intended, and the mischief sought to be suppressed. *Miller* v. *Commonwealth*, 172 Va. 639, 2 S. E. (2d) 343; *Tobacco Growers Co-Operative Association* v. *Danville Warehouse Company, Inc.*, 144 Va. 456, 132 S. E. 482.

A brief review of the history and language of recent statutes relating to intoxicating liquors is illuminative and informative. In revising these statutes the General Assembly of Virginia, in 1924, provided an increased penalty for subsequent offenses committed in violation of the Prohibition Law. Virginia Code 1930, section 4675 (6). It was provided that if the prosecution was for a second offense, it should be so stated in the indictment returned, and the Commonwealth's attorney was required to introduce evidence of the former conviction, in order to impose the increased penalty. Virginia Code 1930, section 4675 (43).

The same Act, subsection (25), made it unlawful to drive a vehicle while under the influence of intoxicants, and prescribed penalties to be fixed by the court or jury for the first and for second or subsequent offenses, that for the second and subsequent offense being more severe than for the first. In addition, it provided that a conviction of the

offense of driving while intoxicated should of itself operate to deprive the offender of the right to drive for one year. The loss of the right was not therein enlarged by reason of a conviction for second or subsequent offenses. The deprivation of the right was no part of the penalty provided for in the verdict of the jury or in the judgment of conviction. It was not necessary to be considered by the court or jury, or made a part of the judgment of conviction. The conviction "of itself" operated to deprive the offender of the right. The statute further required that a report of each conviction should be made to the Director of Motor Vehicles, to be kept as a record in his office.

Virginia Code 1930, section 4675 (6), providing a heavier penalty for an offense committed after the first conviction, refers to the later offense as a "subsequent offense." Subsection (43) thereof, providing for the form of the indictment, refers to an offense committed after the first conviction as a "second offense." Subsection (25), in the same Code, dealing with drunken driving, refers to a later offense as a "second or subsequent offense."

We held, in construing the above subsections (6) and (43), that to make the accused subject to the infliction of the heavier penalty to be imposed by a court or jury for a "second offense," it was necessary that a prior conviction be alleged in the indictment for the second offense. The object of the allegation was to put the accused on notice that proof of his prior conviction would be introduced, not for proving the offense, subsequent in point of time, but for the purpose of imposing a heavier punishment, if the later or following offense was proven. *Keeney* v. *Commonwealth,* (1927), 147 Va. 678, 684, 137 S. E. 478. This ruling permitted the accused to be informed of the charges against him, and allowed evidence to go before the jury showing the gravity of a repeated offense.

In *Jennings* v. *Commonwealth* (1931), 155 Va. 1075, 1082, 156 S. E. 394, it was held that it was mandatory for the prosecuting attorney to allege a prior conviction upon a trial for a second offense. This, of course, could be effective

only where the Commonwealth attorney had knowledge of the prior conviction.

In 1932, Acts 1932, ch. 103, section 4675 (25) was amended by increasing the period of the revocation of the right to operate a vehicle from one to three years when the conviction was for "a second or subsequent offense" under that section. The statute uses the words "second" and "subsequent" in the alternative. The offender might, therefore, on his second trial, have been tried for a "second offense," or merely for an offense which, while it was subsequent in point of time, was not charged as a "second offense." In either event, the later offense was a "subsequent" offense whether the offender was or was not tried for a "second offense."

In common and ordinary acceptation, the words "second" and "subsequent" have the meaning given to them in Webster's New International Dictionary (2nd Ed.) :— "Second. adj. 1. Immediately following the first; next to the first in order of place or time; hence, occurring again; another; other." "Subsequent. adj. 1. Following in time; coming or being later than something else; succeeding."

The word "subsequent" thus has a much broader general meaning, and while the definition of "second" is included in its definition, it is not confined thereto.

Ellett's last conviction was, therefore, for a subsequent offense, in point of time, whether for the purpose of the prosecution it was, or was not, charged as a "second" or "subsequent" offense.

In the enactment of the Alcoholic Beverage Control Act, approved March 7, 1934, Code 1936, section 4675 (1) et seq., the provisions of the Virginia Code 1930, section 4675, subsections (6), (25) and (43), were repealed. The new Act contained no provision making drunken driving an offense nor any reference to second or subsequent offenses of any nature thereunder.

By an Act approved March 22, 1934, Acts 1934, ch. 144, the General Assembly restored the provisions of the old Virginia Code 1930, section 4675 (25), without material

changes, by an independent statute now known as Virginia Code 1936, section 4722.

The Act approved March, 1934, contains four sections.

The first section makes drunken driving unlawful. The second section provides the penalty to be inflicted by a court or jury upon conviction for a first and for "a second or other subsequent offense," a heavier penalty being imposed for "a second or other subsequent offense." The third section provides for the effect or consequence of a conviction for a first offense and that for "a second or other subsequent offense." For the first time, in this connection, we find the word "other" added before the word "subsequent." The first conviction for an offense under this Act, or for a similar offense under any city or town ordinance, operates "of itself" to deprive the person convicted of the right to operate a vehicle for one year from the date of such judgment. A conviction which is for "a second or other subsequent offense" under the Act, or where the person has been "heretofore convicted of violating any similar act of this State," operates to deprive the offender of such right for a period of three years from the date of the last conviction. The fourth section requires a report of any conviction to be made to the Director of Motor Vehicles.

The provisions of the second section are dependent upon the nature of the charge contained in the warrant or indictment, and deal with the punishment to be fixed by the court or jury.

The provisions of the third section become effective only after judgments of conviction, and then are self-executing. The words "shall of itself," in the sentence, "The judgment of conviction, * * *, shall of itself operate to deprive the person convicted of the right to drive, * * *." are significant and full of meaning. They emphasize the effect of a conviction, and the result following the imposition of a punishment fixed by a court or jury in the judgment of conviction. The loss of the right to operate a vehicle is no part of the judgment of conviction, or the punishment fixed by the court or jury, and no action or order

of the court or other officer is required to put it into effect. It is not dependent upon evidence necessary to convict. Evidence of conviction alone is essential.

The fourth section of the statute preserves the record of each conviction for the information of the Director of Motor Vehicles, the official charged with the duty of issuing permits to those who may be entitled to the right to operate a vehicle. The Director has no power to hear evidence to fix the measure of guilt. Nor has he the right to disregard judgments of conviction.

In the third section, we find the following sentence: "If any person has heretofore been convicted of violating any similar act of this State and thereafter is convicted of violating the provisions of section one of this act, such conviction shall for the purpose of this act be a subsequent offense and shall be punished accordingly." This provision was clearly intended to cover the situation presented by the fact that the repeal of the Act of 1924 (Virginia Code 1930, section 4675 (25)) left on the books no statute against drunken driving. Upon discovery of the omission, section 4722 was enacted with the manifest purpose of permitting convictions under the former Act to be considered in determining both the nature of prosecutions under the new Act and the right of the offender to secure a new permit to operate a motor vehicle. It makes a conviction under section 4722, following a conviction for the former violation of a similar Act, a "subsequent offense," whether or not it was tried as a "second offense." As a conviction for a "subsequent offense" it operates, just as does a conviction for a "second offense," to deprive the offender of the right to operate a vehicle for three years. It thus distinguishes between those convicted once of drunken driving and those convicted more than once. Surely it will not be contended that, where a person has been convicted more than once, the General Assembly intended to make a difference between the effect of a conviction following a conviction under a former statute and its effect following a conviction under the statute itself. If a conviction under the former statute

makes a following conviction under the new statute a subsequent offense, the same rule must apply to a conviction following a prior conviction under the statute.

 The provisions of the Code, section 4722, evidence two principal purposes. One purpose is to enable the court or jury to impose a heavier punishment when the accused is tried for and convicted of an offense charged as a second or subsequent offense. To effect this purpose, the prior offense must be charged and proven. The other purpose is to deprive the convicted person of the right to secure a permit to operate a vehicle for a specified time, after he has been convicted once or more than once. To effect this purpose the provision is made self-operative. The notice of each conviction supplied the Director of Motor Vehicles informs him of the effect upon the rights of an applicant for a driver's permit, when the applicant has been convicted of drunken driving once or more than once.

Let us suppose a case where one has been convicted three successive times for drunken driving. The first conviction was in the Circuit Court of Wythe county; a second or subsequent conviction, in point of time, was in Arlington county; and a third conviction in the trial justice's court of Accomack county for the violation of an ordinance of the town of Onancock. No notice of conviction is required to be sent to the Commonwealth attorneys of the several counties. They cannot, therefore, allege a prior conviction in indictments for subsequent offenses tried in their respective courts when they have no knowledge of former convictions. Consequently, they cannot ask for the punishment prescribed for a second or subsequent offense.

The situation is different as it affects the position of the Director of Motor Vehicles, who has been furnished with the report of each conviction. Since it is his duty to issue permits to drive only to those who are entitled thereto, it is manifest that the purpose of the record furnished to him is to keep him informed as to the rights of the applicant. The report of conviction is required to show only the fact thereof, the name, address and license plate number of the

vehicle operated by the offender. It does not matter to the Director whether a subsequent conviction, in point of time, shall be called a "second conviction," or a "second conviction" shall be called a "subsequent conviction." It only matters to him that there has been more than one conviction of a similar offense. It is not the measure of proof or the extent of the punishment of a later or subsequent conviction that is the essence of the provision relating to the right of the offender to secure a new permit to operate a vehicle. The essence of the provision denying that right relates to the number of times the offender has been convicted. The duty of the Director is distinctly separate from the duty of the court or jury. If the record filed with the former shows that there has been only one conviction, he cannot issue to the offender a new permit for one year. If the record shows that the offender has been convicted two or more times, he is not entitled to secure a new permit until the end of three years from the date of the last judgment of conviction.

The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense. *Thompson* v. *Smith,* 155 Va. 367, 377, 154 S. E. 579, 71 A. L. R. 604; *Law* v. *Commonwealth,* 171 Va. 449, 199 S. E. 516.

The right of a citizen to participate in the conduct and affairs of his government is a common right, but the exercise of that right may be restricted or prohibited for the protection of the State. One who has been convicted of a felony, petty larceny, forgery, perjury and certain other crimes, is excluded, in Virginia, from registering as an elector and from voting. Va. Const., Article 2, section 23. Virginia Code 1936, sections 82, 93.

Neither the revocation of the right to operate a vehicle upon the highways, nor the denial of the right to register or to vote is a part of the punishment provided by law to be fixed by a court or jury upon conviction of a crime. The revocation or denial of such rights follows as a consequence and effect of conviction for crime. In each instance, it is the evidence of conviction and not the evidence required to convict that fixes the consequence. The consequence and the effect of conviction is neither legally nor technically a part of the punishment based upon evidence of guilt. It is entirely separate, apart and additional to the punishment fixed for the offense.

There is a distinction between the punishment provided by statute to be fixed by a court or jury upon conviction of a specified offense, and the legal consequences affecting the rights and privileges of the offender after his·conviction. Principles applicable upon the trial of a criminal offense are not involved in the consideration of the effect of a conviction upon the offender's rights as a citizen.

The language of Code, section 4722, read as a whole, seems to clearly express the purpose and intent of the legislature. It is our duty to give meaning and effect to the intent which it naturally presents. It is not necessary to do violence to logic or reasoning in arriving at the conclusion that the purpose of the statute is not only to punish drunken drivers, but to prevent such drivers from using the highways to the hazard of other citizens. As the number of offenses indicate the criminal nature of the defendant, the demand for protection grows and the right of the offender to operate a vehicle is lessened or terminated. One of the dual purposes of the Act is carried into execution by the judgment of a court or jury, and the other purpose is effected by the law itself as a consequence resulting from a conviction or convictions by a court or jury.

Both logic and common sense applied to the language and intendment of the statute lead to the same conclusion, that is, that the right to drive a vehicle is revoked for one year upon a first conviction for drunken driving,

and for three years upon any conviction for a similar offense following thereafter. We ought not to be bound by any rigid or artificial legal concept from giving it such effect.

The construction we have placed upon the statute under review is the same as that placed upon it by the officials charged under the law with its administration over a course of years. If we were in doubt, the weight and value of that practical construction would be most helpful in resolving the doubt. *Commonwealth* v. *Sanderson,* 170 Va. 33, 195 S. E. 516; *South East Public Service Corporation* v. *Commonwealth,* 165 Va. 116, 181 S. E. 448; *Smith* v. *Bryan,* 100 Va. 199, 40 S. E. 652.

For the foregoing reasons, the judgment complained of will be reversed and annulled, and all the facts being before this court, a final judgment will be here entered dismissing the petition of the defendant in error. Virginia Code 1936, section 6365.

*Reversed and final judgment.*