# Richmond

C. H. LAMB, ACTING COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES, COMMONWEALTH OF VIRGINIA V. WILLIAM ARTHUR PARSONS.

November 30, 1953.

Record No. 4190.

Present, All the Justices.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General, Francis C. Lee, Assistant Attorney General* and *D. Gardiner Tyler, Jr., Assistant Attorney General,* for the appellant.

*Clarke, Richard, Moncure & Whitehead* and *James M. Thomson,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The question here is whether the court below properly enjoined the appellant, Acting Commissioner of Motor Vehicles, from enforcing an order revoking for sixty days the chauffeur's license of the appellee, Parsons.

The facts are not in dispute. On August 29, 1952, in the Civil and Police Court of the City of Alexandria, Parsons was found guilty on a charge of speeding. On December 2, 1952, he was arrested on another charge of speeding, failed to appear for trial, and on December 15, 1952, in the Trial Justice Court of Fairfax county the collateral posted by him for his appearance to answer that charge was accordingly forfeited.

On March 18, 1953, the appellant entered an order, in accordance with the provisions of § 46-416.1 of the Code, revoking the appellee's chauffeur's license for a period of sixty days and ordering him to return that license to the Division of Motor Vehicles, on the ground that he had been twice convicted of speeding within a twelve months' period.

On April 14, 1953, Parsons filed his bill in the court below setting forth the above facts, asserting that the forfeiture of his collateral on December 15, 1952, was not a conviction of speeding, and praying that the appellant and his agents be permanently enjoined from enforcing the order of revocation of March 18, 1953. The appellant filed his demurrer to the bill, assigning as grounds that the facts alleged in the bill showed that the appellee had been twice convicted of speeding within a period of twelve months and that § 46-416.1 of the Code made it the mandatory duty of the appellant to enter the order of revocation.

The trial court was of opinion that the forfeiture of collateral on December 15, 1952, was not a conviction within the meaning of § 46-416.1 and § 46-387(4) of the Code. It accordingly overruled the demurrer and granted the injunction prayed for. We granted an appeal. The appellant makes four assignments of error, but the parties agree that the sole issue now for decision is whether the forfeiture on December 15, 1952, of the collateral posted

by the appellee to secure his appearance on a charge of violating the speed laws was a conviction under the applicable statutes. The appellee says in his brief that the question is purely one of statutory construction. No question is raised as to the validity of the statutes involved.

Section 46-416.1 of the Code,[1] makes it the duty of the appellant to revoke forthwith the license of any person upon receiving records of two or more successive and distinct convictions of violations of any law establishing the speed limits for motor vehicles committed within a twelve months' period.

Section 46-387 of the Code provides that "Unless a different meaning is clearly required by the context: * *

"(4) '*Conviction*' means conviction upon a plea of guilty or the determination of guilt by a jury or by a court though no sentence has been imposed or, if imposed, has been suspended and includes a forfeiture of bail or collateral deposited to secure appearance in court of the defendant unless the forfeiture has been vacated, in any case of a charge conviction upon which requires or authorizes the Commissioner to suspend or revoke the license of the defendant."

Section 46-416.1, *supra*, was added to the Code by chapter 666, Acts 1952, page 1113, which also added other sections to and amended certain sections of Title 46, the Motor Vehicle Code, the provisions of which must be read as a whole. *Richmond-Petersburg Lines* v. *Richmond*, 182 Va. 132, 28 S. E. (2d) 7. The Code Commission, as directed

---

[1] "The Commissioner shall forthwith revoke, and shall not thereafter reissue during a period of not less than sixty days but shall thereafter reissue within a period of six months, the license of any person, resident or nonresident, upon receiving records of two or more successive and distinct convictions of violations committed within a twelve month period of any provision of law, or any rules, regulations, or ordinances duly enacted in pursuance thereof, establishing the lawful rates of speed of motor vehicles and making the violation thereof punishable as a crime; provided that if there be more than two such convictions the period during which such license may not be reissued shall be at least sixty days and not more than one year. The provisions of §§ 46-59 and 46-425 shall not apply to any person whose license is revoked under the provisions of this section."

by §§ 9-70 and 9-75 of the Code, properly assigned the new section 46-416.1 to Article 3 (Revocation of Licenses), Chapter 6 (Motor Vehicle Safety Responsibility Act) of Title 46.

Section 46-388 in chapter 6 declares it to be the legislative intent that this chapter shall be liberally construed so as to effectuate, so far as legally and practically possible, its primary objective "to promote and further greater safety in the operation of automotive vehicles in this State."

Relevant to that purpose is this statement in *Commonwealth* v. *Ellett*, 174 Va. 403, 414, 4 S. E. (2d) 762, 767:

"The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense."

" * * * It is merely a conditional privilege which may be suspended or revoked under the police power, even without a notice or an opportunity to be heard. * * ." *Nulter* v. *State Road Commission*, 119 W. Va. 312, 193 S. E. 549, 552; quoted in *Law* v. *Commonwealth*, 171 Va. 449, 454, 199 S. E. 516, 519. See also *Prichard* v. *Battle*, 178 Va. 455, 17 S. E. (2d) 393; *Anglin* v. *Joyner*, 181 Va. 660, 26 S. E. (2d) 58.

"A license to use its highways does not abridge the police power of the Commonwealth to make them safe. That this power should be exercised to its limit is made manifest by the appalling number of motor accidents, due, in major measure, to reckless driving." *Law* v. *Commonwealth, supra,* 171 Va. at p. 454, 199 S. E. at p. 519.

The legislature was, of course, aware and it is presumed to have acted with the purpose that § 46-416.1 would become a part of the Motor Vehicle Safety Responsibility Act, Chapter 6, Title 46 of the Code, and thus be construed so

far as legally possible to promote greater safety in the operation of motor vehicles. Not only so, but it is also presumed that the legislature was cognizant of the fact that in § 46-387(4), in that same Chapter 6, it had defined the word "conviction" and intended the same word to be given the same meaning when used in § 46-416.1.

Here the appellee does not question his first conviction in August, 1952, which was upon his trial after a plea of not guilty; and we find that he raises no question of merit by his contention that under the statutes the forfeiture of his bail in December, 1952, was not a second conviction.

In support of his contention that the definition of "conviction" in § 46-387(4) should not apply to "conviction" as used in § 46-416.1, the appellee argues, first, that the phrase "successive and distinct convictions" in § 46-416.1 means convictions after trial, and does not include forfeitures as provided by § 46-387, particularly since the latter section provides that conviction includes forfeiture "unless a different meaning is clearly required by the context." He argues that the phraseology "successive and distinct convictions" requires a different meaning.

The contention is untenable. As used in the statute, and generally, "successive" means one following another; "distinct" means separate, not merely an element of or incidental to something else. Webster's New International Dictionary, 2d ed., pp. 2517, 756. What the statute is dealing with is the revocation of licenses for violation of the speed laws in order to promote safety on the highways. Section 46-387(4) provides that if a defendant chooses to forfeit his bond rather than appear and defend the charge, that is a conviction no less than a conviction arrived at by trial. It is as distinctly a conviction for the purpose of the revocation as a conviction on a plea of guilty or not guilty. No reason is found in the letter or the spirit of the statutes involved for construing them so as to provide for a violator of the speed laws a door of escape from revocation of his license by the expedient of

forfeiting his collateral instead of appearing to answer the charge.

The appellee further contends that the definition of "conviction" in § 46-387(4) should not apply because in § 46-416(5) there is an express provision for revocation for forfeiture of bail on two charges of reckless driving. It is difficult to discern how that should affect the matter. Speeding is not necessarily reckless driving. Code § 46-208. The presence of § 46-416(5), applying to forfeiture of·bail for reckless driving, in no way that we can see suggests that the legislature did not intend to provide for a similar result with respect to speeding by § 46-416.1.

Finally, the appellee argues that it was not the legislative intent that the definition of "conviction" in § 46-387(4) should apply to § 46.416.1, because the former provides that the forfeiture of bail amounts to a conviction only if it is upon "a charge conviction upon which requires or authorizes the Commissioner to suspend or revoke the license." The argument is that if the. forfeiture had occurred on the first charge (August, 1952) and the conviction on the second (December, 1952) there could be no revocation because the forfeiture in that event, being upon a first violation, did not require or authorize the Commissioner to revoke. An adequate answer is that such a construction would not help the appellee here because the forfeiture was upon a second violation which would require revocation. We may add, however, that the appellee would have been no better off if the forfeiture had occurred first. We think the quoted language of § 46-387(4) refers to a charge of an offense which alone or in conjunction with another requires or authorizes revocation.

For the reasons stated, the decree appealed from is reversed, the injunction therein granted is dissolved and the order of revocation of March 18, 1953, is restored to full force and effect.

*Reversed.*