CIRCUIT COURT OF RAPPAHANNOCK COUNTY

Commonwealth of Virginia

v.

Lawrence Starks

January 31, 1958

By JUDGE ELLIOTT MARSHALL

In this case the accused operated a "farm tractor" upon the public highway in Rappahannock County within one year after his operator's license had been forfeited under Code Sec. 18-77 upon his conviction of operating a motor vehicle while under the influence of intoxicants under Code Sec. 18-75, and his license had been revoked under Code Sec. 46-416(2).

The warrant charged violation of Code Sec. 18-78 which makes it a misdemeanor to operate a motor vehicle "during the time for which he is deprived of his right to do so."

It is the contention of the accused that the operation of a "farm tractor" is not included under the act prohibited by Code Sec. 18-77 because such a vehicle is specifically exempted under the Virginia Operators' and Chauffeurs' Act. Since no operator's license is required for such operation in the first instance, he contends that the forfeiture and revocation of his operator's license cannot serve to deprive him of his right to operate a farm tractor.

His contention that no operator's license is required for the operation of a farm tractor upon the

public highways is correct. By Code Sec. 46-352 the legislature has seen fit to exempt operators of farm tractors temporarily on the highways from the requirement of an operator's license, and I think that it must be conceded that the accused could not be convicted of operating the vehicle without an operator's license under Code Secs. 46-347 and 385.

However, the charge here is that the accused was operating a motor vehicle after his right had been forfeited; not because of his operation thereof upon a revoked license. Code Sec. 18-77 says that the conviction "shall of itself operate to deprive the person convicted of the right to drive or operate any such vehicle" irrespective, of course, of whether he had an operator's license or his license was revoked. Comm. v. Ellett, 174 Va. 403, 411. While the title to Code Sec. 18-78, "Driving after forfeiture of license" might create some doubt as to whether the statute was concerned only with the operation of a vehicle without an operator's license, the language of the statute itself immediately clarifies the meaning:

> Sec. 18-78: If any person so convicted (under Sec. 18-76) shall, during the time for which he is deprived of his right so to do, (under Sec. 18-77) drive or operate . . . etc.

We have entirely different statutes which cover operating a motor vehicle while license is suspended or revoked. Code Secs. 46-347.1 and 347.2 apply only in situations where a license has been revoked or suspended by the Motor Vehicle Commissioner or the Court. In such instance the forfeiture of the right to drive is not the result of the conviction but the Court or Commissioner determines that the license shall be revoked or suspended. It may be that this revocation or suspension of the license would not operate to deprive a person of the right to drive a tractor, which, as we have seen, does not require such a license in the first place, but here the essence of the violation is operating the vehicle while the license is revoked.

In my opinion, even though a license is not required for its operation, a farm tractor is a motor vehicle as contemplated by all of the laws governing the regulation of traffic. Its operator could be convicted of driving while intoxicated. While it would be impossible to revoke a license which he did not have he would, nevertheless, be deprived of his right to operate <u>any</u> motor vehicle upon the highway for one year. The exemption as to farm tractors applies only to the operator's licensing requirements. The legislature made no such exemption as to any of the provisions of Code Secs. 18-75 to 18-78.

The case of <u>Prillaman</u> v. <u>Commonwealth</u>, 199 Va. 401, 100 S.E.2d 4 (1957), concerns a prosecution under Code Sec. 46-347.2. It was there pointed out that the construction of statutes should be in the light of all other provisions relating to the same thing. Thus Sec. 46-347.2 was construed in the light of all related provisions of Chapter 4 of the Motor Vehicle Code. It is contended by the accused that Code Secs. 18-75 to 78 should be construed in the light of the provisions of Code Sec. 46-352. It seems to me that the sections are wholly unrelated. Sec. 46-352 is contained in Chapter 5 of the Motor Vehicle Code under the title, "Operators' and Chauffeurs' Act," while Secs. 18-75 to 78 are contained in the Criminal Code under the title, "Crimes and Offenses Generally."

In my opinion the accused was guilty of a violation of Code Sec. 18-78.