## Staggert License

*Thomas Wood,* for Commonwealth.

*Ambrose R. Campana,* for defendant.

GREEVY, J., May 2, 1962.—This is an appeal from the action of the Secretary of Revenue in suspending the operating privileges of Robert William Staggert, Jr., for a period of 30 days as a result of conviction in Virginia of a charge of reckless driving. . . .

The Commonwealth offered into evidence a certified report of conviction of Robert William Staggert, Jr., for reckless driving in the State of Virginia as was received by the Pennsylvania Secretary of Revenue.

Under section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, as amended (75 PS §618(e)), the issue is not whether the operator committed an offense, but whether he was convicted of an offense, in another State which, if committed in this Commonwealth would be grounds for the suspension or revocation of a license of an operator. See Hall Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 346.

Appellant contends that he was not convicted of reckless driving. He testified he posted a bond for hearing to be held on May 16, 1961, but forfeited his bail and did not attend the hearing.

Judgment of conviction was entered against him. In Virginia, forfeiture of bail is a conviction within the meaning of the Motor Vehicle Code of Virginia 1950 as amended. Section 46-387(4) of the Code, 7 Code of Va. Ann. §46.1-389, defines conviction as follows:

"4. 'Conviction' means conviction upon a plea of guilty or the determination of guilt by a jury or by a

court though no sentence has been imposed or, if imposed, has been suspended and includes a forfeiture of bail or collateral deposited to secure appearance in court of the defendant unless the forfeiture has been vacated, in any case of a charge conviction upon which requires or authorizes the Commissioner to suspend or revoke the license of the defendant." See Lamb v. Parsons, 195 Va. 353, 78 S. E. 2d 707; Lamb v. Butler, 198 Va. 509, 95 S. E. 2d 239.

Appellant's contention is without merit, for under the Virginia statute his forfeiture of bail constituted a conviction. The Secretary of Revenue received notice of such conviction and the evidence before us established that notice of conviction. A reckless driving conviction when committed in Pennsylvania is a ground for suspension of an operator's license; therefore, we are bound to dismiss the appeal and sustain the order of suspension as made by the Secretary of Revenue.

### Conclusions of Law

1. That the forfeiture of bail on May 16, 1961, constituted a conviction within the meaning of the Virginia Code.

2. That appellant, Robert William Staggert, Jr., was convicted of the offense of reckless driving in the State of Virginia.

3. That the action of the Secretary of Revenue in suspending the operating privileges of the appellant was justified.

### Order

And now, May 2, 1962, it is ordered and decreed, that the appeal of Robert William Staggert, Jr., be and is hereby refused, and the action of the Secretary of Revenue in suspending the operator's privilege of Robert William Staggert, Jr., is hereby reinstated.