Felix OLIM, and all others similarly situated, Appellants,

v.

W. E. MAYBERRY, Commissioner of the Department of Public Safety of Oklahoma, Appellee.

No. 46107.

Supreme Court of Oklahoma.

June 25, 1974.

Jones, Atkinson, Williams, Bane & Klingenberg by Stephen Jones, Mary E. Bane, Enid, for appellants.

Leroy J. Patton, Gen. Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

HODGES, Justice.

The question presented is the constitutionality of 47 O.S.1971 § 6–204(c) which treats an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court for a traffic citation as being equivalent to conviction.

In this case convictions of offenses will be considered only for the purposes of the records of the Department of Public Safety, any action it takes with respect to the driver's license of an individual, and the public reports it makes in respect to an individual driver. We are not considering "conviction" as it applies to offenses in general.

Appellant, Felix Olim, (Olim) is a traveling salesman with a driving record that indicates that he has had fourteen (14) traffic violations and two accidents in the

five year period preceding the filing of this lawsuit. His liability insurance with State Farm Insurance Company was canceled based upon this unsatisfactory driving record.

After receiving knowledge of the cancellation of his liability insurance, Olim obtained a copy of his driving record from the Department of Public Safety. He determined that a mistake had been made in posting the dispositions of some of his traffic charges as pleas of guilty when in fact they were bond forfeitures, Olim then filed an action for mandamus requesting the court to order the Department of Public Safety to correct his driving record. The District Court entered the order.

An amended petition filed by Olim also alleged that it was unconstitutional for the Department of Public Safety to maintain a file and report to the public existence of bond forfeitures.

The evidence at the District Court trial tended to prove that insurance companies charge Olim a higher premium because of their knowledge of the numerous occasions on which he has forfeited bail on traffic complaints.

The District Court denied plaintiff any relief and upheld the constitutionality of the statutes in question. We agree.

It is provided by 22 O.S.1971 § 1114.4 that bail forfeiture shall not be construed as a plea of guilty or admission in any civil action.

Olim relies upon the Oklahoma bail bond law which is contained in 22 O.S.1971 §§ 1114.1–1114.10. These statutes have nothing to do with the driving records maintained by the Department of Public Safety or the motor vehicle reports it prepares, which are the subject matter of this law suit. These statutes only pertain to the method of posting bail by a motorist after he has been arrested and issued a traffic complaint.

Chapter 6 of the Motor Vehicle Code pertains to Operators' and Chauffeurs' Licenses. It includes issuance, expiration, renewal, cancellation, suspension, revocation of licenses and violation of licenses and violation of license provisions. This chapter contains the applicable statutes which are dispositive of the case at bar.

Abstracts of convictions and bond forfeitures for moving traffic offenses are a part of the records required to be maintained by the Department of Public Safety as noted in 47 O.S. § 6–117(b) and (h) which provide as follows:

"(b) The Department shall also file all accident reports and abstracts of court records of convictions received by it under the laws of this state and in connection therewith maintain convenient records or make suitable notations in order that an individual record of each licensee showing the convictions of such licensee and the traffic accidents in which he has been involved shall be readily ascertainable and available for the consideration of the Department of Public Safety upon any application for license or renewal of license and at other suitable times. * * *

(h) The Department of Public Safety shall upon request prepare and furnish to any person a summary of the traffic record of any person subject to the provisions of the Motor Vehicle Laws of this state. Said summary shall include the enumeration of any motor vehicle accidents, reference to convictions for violations of motor vehicle laws and any action taken against the person's privilege to operate a motor vehicle, as shown by the files of the Department for the five (5) years preceding the date of the request. For each summary furnished the Department shall collect the sum of Two Dollars ($2.00)."

Convictions are defined for the purpose of Chapter Six to include bond forfeitures. It is provided by 47 O.S.1971 § 6–204(c) that:

"(c) For the purposes of this chapter the term 'conviction' shall mean a final conviction. Also, for the purposes of this chapter a forfeiture of bail or col-

lateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, *shall be equivalent to a conviction.*" (Emphasis ours)

It should also be noted that Chapter Six of Title 47 includes both §§ 6–117 and 6–204(c). The plaintiff argues that these sections pertain only to the issuance of drivers license, but it is obvious that they refer also to the driving records and the preparation of motor vehicle reports.

Appellant asserts. that treating a bond forfeiture equal to a conviction is unconstitutional. It is difficult to find denial of due process, or legal merit in the position of one who fails to enter an appearance on a traffic complaint and who waives this right, to then assert that his rights have been violated. He has had an opportunity to appear in court and defend the charge, but refused to do so.

The records of the Department of Public Safety are not arrest or detention records, but records of convictions. Bond forfeitures are included and in order to avoid having a bond forfeiture entered on a driving record, the licensee must merely appear and answer the arresting officer's charges.

The legislature, by the enactment of 47 O.S.1971 § 6–204(c), intended to attribute to a bond forfeiture the same legal consequences as those which attend a conviction. Resort should be made to a statutory construction which renders every word and sentence operative rather than one which negates a specific statutory provision. City of Tulsa v. Goins, 437 P.2d 257 (Okl.1967).

The Missouri court reached the same conclusion in the case of Pryor v. David, 436 S.W.2d 3, 4, 5 (Mo.1969):

"* * * We are not here called upon to determine whether a bond forfeiture is a conviction within the strict meaning of a conviction of a crime. We are concerned with a statute providing for revocation of driving licenses for violations of traffic laws. It is a traffic safety measure. Appellant's contention must be rejected for both by statute and decision. Missouri has equated forfeiture of bail with conviction. Section 302.010(4), RSMo 1959, V.A.M.S., in defining the word 'conviction' when used in Chapter 302, provides that 'a forefeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, whall be equivalent to a conviction, * * *.' And see Levin v. Carpenter, Mo.Sup., 332 S.W.2d 862, 865, 79 A.L.R.2d 859[4]. We agree with the Supreme Court of Virginia that a forfeiture of bail '* * * is as distinctly a conviction for the purpose of the revocation as a conviction on a plea of guilty or not guilty. No reason is found in the letter or the spirit of the statutes involved for construing them so as to provide for a violator of the [traffic] laws a door of escape from revocation of his license by the expedient of forfeiting his collateral instead of appearing to answer the charge.' Lamb v. Parsons, 195 Va. 353, 78 S.E.2d 707, 710[4]."

There is no logical reason to separate and distinguish whether the disposition was a bond forfeiture, plea of guilty, or conviction, so long as the date and location of the described offense is reported. The statute specifically states that a bond forfeiture is equivalent to conviction for the purpose of the driving record.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., concurs in results.