NOTICE OF APPEAL IN MUNICIPAL COURT NOT OF RECORD Title 11 O.S. 968.14 [11-968.14] (1971), requires that the filing of a copy of the notice of an appeal with the Municipal Court not of record be so filed within ten (10) days from the date of the judgment of said Municipal Court. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Do the provisions of 11 O.S. 958.14 [11-958.14] (1971) require that the copy of a notice of appeal filed with the Municipal Court be so filed within ten (10) days from the date of the final judgment therein? Title 11 O.S. 958.14 [11-958.14] (1971), sets out the procedure for taking an appeal from Municipal Courts not of record, which are created by 11 O.S. 958.1 [11-958.1] (1971). The applicable parts of 11 O.S. 958.14 [11-958.14] (1971), provide as follows: "(a) An appeal may be taken from a final judgment of the Municipal Court by the defendant by filing in the District Court of the county wherein the Municipal Court is located within ten (10) days from the date of the final judgment a notice of appeal and by filing a copy of the notice with the Municipal Court. In case of an appeal, a trial de novo shall be had, and there shall be a right to a jury trial, if the offense is punishable by a fine of more than Thirty-five Dollars ($35.00), including costs. "(c) Upon appeal being filed the judge shall within ten (10) days thereafter certify to the clerk of the appellate court the original papers in the case, and if said papers have not been certified to the appellate court, the prosecuting attorney shall take the necessary steps to have the papers certified to the appellate court within twenty (20) days of the judgment, and failure to do so, except for good cause shown, shall be grounds for dismissal of the charge by the appellate court, the cost to be taxed to the city. The certificate shall state whether or not the Municipal Judge hearing the case was a licensed attorney in the State of Oklahoma." Subsection (a) of this Section requires a defendant taking an appeal from a final judgment of a Municipal Court to file a notice of appeal in the District Court of the county wherein the Municipal Court is located. It further requires that he file a copy of the notice with the Municipal Court. It is clear by a plain reading of the Section that the notice required to be filed in the District Court must be filed therein within ten (10) days from the date of the final judgment of the Municipal Court. Whether the defendant must file the copy of the notice of appeal with the Municipal Court within the same ten (10) day period is not clear from the language of the Section. Where the intent of a statute is not clear, construction thereof must be resorted to. An applicable rule of statutory construction was stated in Becknell v. State Industrial Court, Okl., 512 P.2d 1183
(1973), at page 1183, as follows: " . . . All provisions of a statute are to be taken as a whole, so each provision will harmonize with every other, and remedial purposes of the law preserved." Another rule of construction was stated in Olim v. W. E. Mayberry, Okl., 524 P.2d 24
(1974), at page 26, as follows: "Resort should be made to a statutory construction which renders every word and sentence operative rather than one which negates a specific statutory provision." Paragraph (c) of 11 O.S. 958.14 [11-958.14](c) (1971), requires that the Municipal Judge certify to the District Court the original papers in the case, and that he do so within ten (10) days after the appeal is filed. However, the ten (10) days within which the Judge is to certify the papers may not extend beyond the twentieth day after the judgment. If the Judge has not certified the papers within ten (10) days of the appeal being filed, the prosecuting attorney is required to have the papers certified within twenty (20) days after the judgment. Failure to certify the papers within twenty (20) days after the judgment is grounds for dismissal of the charge by the District Court. To render operative the provision allowing the Judge ten (10) days to certify the papers, and to harmonize this provision with the tacit requirement that the papers be certified no later than twenty (20) days after the judgment, necessarily requires that the Municipal Court receive notice of an appeal not later than ten (10) days after the judgment. To give meaning to the provisions of Paragraph (c), relating to the time within which certification of the papers must be made, requires a construction of the language of Paragraph (a) that both the notice of appeal and the copy of the notice be filed with the District Court and the Municipal Court, respectively, within ten (10) days from the date of the final judgment. Accordingly, it is the intent of 11 O.S. 958.14 [11-958.14] (1971), that the copy of a notice of an appeal be filed with the Municipal Court within ten (10) days from the date of the judgment therein. It is, therefore, the opinion of the Attorney General that 11 O.S. 958.14 [11-958.14] (1971), requires that the filing of a copy of the notice of an appeal with the Municipal Court not of record be so filed within ten (10) days from the date of the judgment of said Municipal Court. (Harold B. McMillan Jr.)