## CIRCUIT COURT OF FAIRFAX COUNTY

City of Fairfax

v.

David R. Gott

June 28, 1989

Case No. (Criminal) 61133

By JUDGE MICHAEL P. McWEENY

This matter came before the Court on June 21, 1989, upon the Defendant's appeal from an Order of the General District Court denying a "Motion for Reconsideration" which was, in effect, a motion for leave of court to enter into the Virginia Alcohol Safety Action Program (VASAP) and for issuance of a restricted permit to operate a motor vehicle. For the reasons set forth below, the Court assumes jurisdiction and grants the motion.

Review of the file reveals that the Defendant was sentenced on October 4, 1988, on a charge of Driving Under the Influence, second or subsequent offense within five years. He received a fine of $600 with $400 suspended, a jail sentence of thirty days with twenty-eight days suspended, probation of twelve months, and revocation of his operator's license for 36 months. He was not placed in the Virginia Alcohol Safety Action Program, nor was a motion filed for such action until June 8, 1989.

The General District Court denied the Defendant's motion as the motion was treated as a reconsideration of a sentence after its jurisdiction had lapsed. If this motion is a reconsideration of the finding of guilt or imposition of sentence, then pursuant to § 16.1-133.1, the General District Court was without jurisdiction as it was filed more than sixty days post-sentence. As the

Circuit Court derives its jurisdiction through the appeal process, it, too, would be barred. To resolve this issue, it is necessary to examine the statutes in question.

The Court's authority to impose sentence in this case is found in § 18.2-270. That section merely provides for monetary fines and confinement in jail. There is no authority granted the Court to suspend or revoke an operator's license. Such suspension or revocation is the administrative effect of a conviction under § 18.2-266 and is effective by operation of law under the provisions of Section 18.2-271. In examining the meaning of the earlier statute regarding penalties for driving under the influence, the Supreme Court held the following in *Commonwealth v. Ellett*, 174 Va. 403 (1939):

> The words "shall of itself" in the sentence, "The judgment of conviction . . . shall of itself operate to deprive the person convicted of the right to drive . . ." are significant and full of meaning. They emphasize the effect of a conviction and the result of following the imposition of a punishment fixed by a court or jury in the judgment of conviction. The loss of the right to operate a vehicle is no part of the judgment of conviction or the punishment fixed by the court or jury, and no action or order of the court or other officer is required to put it into effect.

*Id.* at p. 411. The language of § 18.2-271 is virtually identical. The Court finds that the revocation of the operator's license in this case was not part of the Court's sentence, and accordingly, the General District Court's jurisdiction was not limited to the sixty-day time frame of § 16.1-133.1.

The motion, however it was styled or titled, is clearly a motion pursuant to § 18.2-271.1(A) and (C) under that section, "any person convicted of a violation of section 18.2-266 . . . or any second offense thereunder, may, with leave of court or upon court order, enter into an alcohol safety action program . . . ." There is no express time limit under this section. A parallel may be drawn with § 18.2-271.1(D), which provides an identical

opportunity to one convicted in another state of a similar offense. There is no time limitation for this relief, nor is it logical that there would be. The time necessary for interstate transmittal of convictions and administrative action under §§ 46.1-417 and 46.1-421(a) cannot accurately be predicted. It is clear that the legislative intent in both subsections A and E is the same: to provide access to the Virginia Alcohol Safety Action Program once there has been a conviction for Driving Under the Influence. Accordingly, the Court finds that the motion under either of the provisions may be filed in the General District Court at any time after such a conviction. Further, pursuant to § 18.2-271.1(C), a finding by the General District Court "that a person is not eligible for such program," for any reason, gives rise to appeal *de novo* to this Court.

Having determined that jurisdiction would lie, the Court has given mature consideration to the eligibility and needs of the Defendant, with special note of his completion of the Arlington Hospital treatment programs and continued Alcoholics Anonymous meetings. Accordingly, David Roy Gott is granted leave to enter and complete the Fairfax Alcohol Safety Action Program and a restricted permit to operate a motor vehicle will issue in accordance with the requested times, said permit being conditioned upon compliance with the ASAP requirements.