COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

TAMMER CHISHOLM

v.      Record No. 0459-15-2

PARISER DERMATOLOGY SPECIALISTS, LTD.
  AND HARTFORD INSURANCE CO. OF MIDWEST

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 22, 2016

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Tammer Chisholm, *pro se*, on brief).

(Anne M. Dobson; Law Office of Jonathan P. Jester, on brief), for
appellees.

Tammer Chisholm ("claimant") appeals a decision of the Workers' Compensation

Commission finding that she did not suffer a compensable injury by accident.

Claimant, as the appellant in this matter, has the burden of showing that reversible error

occurred below. Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). It is

well settled that an appellate court does not "search the record for errors" or "seek out the

substance of all contentions made during the progress of a trial" or a Workers' Compensation

Commission proceeding. Law v. Commonwealth, 171 Va. 449, 455, 199 S.E. 516, 519 (1938);

see also Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Claimant was required under Rule 5A:25 to file an appendix that "should generally

contain everything relevant to the" assignments of error. Reid v. Commonwealth, 57 Va. App.

42, 49, 698 S.E.2d 269, 272 (2010). "The appendix serves this Court to evaluate the merits of

[the] appellant's assigned error." Id.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rule 5A:25(c) provides, in pertinent part, that "[a]n appendix shall include:" "the basic initial pleading;" "the judgment appealed from, and any memorandum or opinion relating thereto;" "any testimony and other incidents of the case germane to the assignments of error;" "the title . . . of each paper contained in the appendix, and its filing date;" and "exhibits necessary for an understanding of the case . . . ." Furthermore, "[a]s the appellant, [claimant] had the responsibility of providing this Court with an appropriate appendix" that met the requirements of Rule 5A:25 and adequately addressed her assignments of error. Robinson v. Robinson, 50 Va. App. 189, 197, 648 S.E.2d 314, 317 ( 2007). A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

Here, claimant failed to include in the appendix the Commission's opinion, the deputy commissioner's opinion, or any excerpts of testimony at the hearing before the deputy commissioner.

Furthermore, in the assignment of error contained in her opening brief, claimant does not specifically identify the ruling by the Commission which is the subject of her appeal other than to state that the deputy commissioner refused to admit certain documents reflecting communications between claimant and employer pertaining to her supervisor's alleged assault and battery. Based on these documents, she asserts that employer was "placed on notice[] of an injury report" and was required to file a workers' compensation claim. In support of this assignment of error, claimant argues that employer was required to file a report of her injury under Code § 65.2-101.

Based upon the documents included in the appendix, we are unable to ascertain whether claimant raised these issues below. Thus, appellate review of claimant's assignment of error is barred by Rule 5A:18. <u>See</u> <u>Williams v. Gloucester Sheriff's Dep't</u>, 266 Va. 409, 411-12, 587 S.E.2d 546, 548 (2003). Claimant has not asked this Court to invoke the good cause or ends of justice exceptions to Rule 5A:18 to permit appellate review of these assignments of error, "and we decline to do so *sua sponte*." <u>Hampton Inn & Selective Ins. Co. of Am. v. King</u>, 58 Va. App. 286, 301, 708 S.E.2d 450, 457 (2011).

Accordingly, we summarily affirm the Commission. <u>See</u> Code § 17.1-403; Rule 5A:27.[1]

<u>Affirmed.</u>

---

[1] Pariser Dermatology Specialists moved to dismiss the appeal because claimant failed to timely file her motion for an extension of time and failed to provide appellees with a copy of her opening brief and appendix. We deny the motions to dismiss.