COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

SUSAN E. QUILLEN

MEMORANDUM OPINION*

v.      Record No. 1673-15-3                              PER CURIAM
                                                        APRIL 12, 2016

COMMONWEALTH OF VIRGINIA/DEPARTMENT
 OF BEHAVIORAL HEALTH
 AND DEVELOPMENTAL SERVICES

FROM THE CIRCUIT COURT OF SMYTH COUNTY
C. Randall Lowe, Judge

(William L. Cregger, on briefs), for appellant.

(Mark R. Herring, Attorney General; Rhodes B. Ritenour, Deputy
Attorney General; Ronald N. Regnery, Senior Assistant Attorney
General; Nicholas F. Simopoulos, Assistant Attorney General;
Katherine M. DeCoster, Assistant Attorney General,  on brief), for
appellee.


        Susan E. Quillen (Quillen) appeals the September 21, 2015 decision by the circuit court

affirming a hearing officer's decision upholding the termination of her employment for falsifying

her employment history and academic background on her employment application.  On appeal to

this Court, Quillen contends the circuit court erred "when i[t] failed to find that appellee's failure

to comply with" Code § 2.2-3800(C)(7) was contrary to law and by "finding that Quillen did not

have the right to correct records in her personnel file."  For the reasons that follow, we

summarily affirm the decision of the circuit court.  Rule 5A:27.

        Quillen, as the appellant in this matter, has the burden of showing that reversible error

occurred below.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Under the settled law of this Commonwealth, an appellate court does not "search the record for errors" or "seek out the substance of all contentions made during the progress of a trial" or a grievance proceeding. Law v. Commonwealth, 171 Va. 449, 455, 199 S.E. 516, 519 (1938); see also Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Rule 5A:25 requires Quillen to file an appendix that "should generally contain everything relevant to the" assignments of error. Reid v. Commonwealth, 57 Va. App. 42, 49, 698 S.E.2d 269, 272 (2010). "The appendix serves this Court to evaluate the merits of [the] appellant's assigned error." Id.

Rule 5A:25(c) provides, in pertinent part, that "[a]n appendix shall include:" "the basic initial pleading;" "the judgment appealed from, and any memorandum or opinion relating thereto;" "any testimony and other incidents of the case germane to the assignments of error;" "the title . . . of each paper contained in the appendix, and its filing date;" and "exhibits necessary for an understanding of the case . . . ." Furthermore, "[a]s the appellant, [Quillen] had the responsibility of providing this Court with an appropriate appendix" that met the requirements of Rule 5A:25 and adequately addressed her assignments of error. Robinson v. Robinson, 50 Va. App. 189, 197, 648 S.E.2d 314, 317 ( 2007).

The appendix that Quillen filed in this Court fails to include several significant documents that are necessary for addressing her assignments of error – and also includes items not part of the circuit court record. Quillen failed to include her initial pleading in the case. She also failed to include the hearing officer's decisions or the circuit court order from which she appeals. Quillen did not include a transcript of the circuit court proceedings or a signed statement of facts. In short, Quillen has failed to comply with Rule 5A:25 by failing to present this Court with an adequate appendix from which to address her assignments of error on appeal.

> "The appendix is a tool vital to the function of the appellate process in Virginia . . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254

> S.E.2d 64, 66 (1979) (*per curiam*). Thus, the filing of an appendix
> that complies with the Rules, is "essential to an informed collegiate
> decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Under this Court's decision in Patterson, an appendix filed pursuant to Rule 5A:25 must include "all parts of the record germane to the issues" on appeal. Id. It is plainly unacceptable for any litigant who appeals a judgment to file an appendix that fails to include several necessary documents. Presenting an appendix in such a deficient manner contradicts the very purpose of filing an appendix, which is to bring to this Court's attention "those items necessary to evaluate whether the trial court erred." Reid, 57 Va. App. at 49, 698 S.E.2d at 272. Simply put, it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Accordingly, we find that appellant's failure to comply with Rule 5A:25 by filing an inadequate appendix is so significant that we cannot and will not consider her arguments on appeal. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) ("the Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of Court] is insignificant . . ."); cf. Rules 5A:1(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we summarily affirm the circuit court's decision. See Code § 17.1-403; Rule 5A:27.

Affirmed.