Benny Turro, Plaintiff-Appellee, v. Charles F. Carpentier, as Secretary of State, Defendant-Appellant.

Gen. No. 10,260.

Third District.
May 18, 1960.

Grenville Beardsley, Attorney General of the State of Illinois, and William C. Wines, Theodore G. Maheras, Raymond S. Sarnow, and A. Zola Groves, Assistant Attorneys General, for appellant.

Kenneth H. Otten and Robert J. Myers, of Springfield, Shapiro and Lauridsen, of Kankakee (Victor Lauridsen, of counsel) for appellee.

CARROLL, JUSTICE.

This is an appeal from a judgment in an administrative review action reversing an order of the Secretary of State suspending plaintiff's Illinois driver's license.

On Sept. 9, 1957, plaintiff applied for and was issued a driver's license expiring Sept. 9, 1960. While operating his automobile near Vero Beach, Florida, on April 26, 1958, he was arrested by a police officer and taken to a police station and given a balloon test. After the test the officer at the police station informed plaintiff that they had decided he should be locked up for the night. The following morning plaintiff was told that he would be required to appear in court on May 6, 1958, and posted a cash bond of $350 and was released. Plaintiff told the officers that he didn't think he would be back on May 6th and inquired as to what he should do. He was thereupon told that he would forfeit his bond by failing to appear. Plaintiff did not appear in court on May 6, 1958, and on that date his cash bond was estreated and he was

convicted of driving while intoxicated. On June 10, 1958, the Florida Department of Public Safety, Driver's License Division, notified plaintiff that his license to operate a motor vehicle in the State of Florida had been revoked. Attached to such revocation notice was a report received by the Department from the Clerk of the County Court of Indian River County, Florida, showing the conviction of plaintiff on May 6, 1958, of the offense of driving while intoxicated. Copies of such revocation notice and report of conviction were received by the Driver's License Division of Illinois on June 13, 1958. On July 25, 1958, the Secretary of State pursuant to the provisions of Sec. 6–206 of the Illinois Motor Vehicle Law, entered an order suspending plaintiff's operator's license for a period of ten months. In said order there appears the following recital:

"This action is taken as a result of: You were convicted in the County Court, City of Vero Beach, Indian River County, State of Florida, of the offense of driving a motor vehicle while under the influence of an intoxicant, which offense, if committed within the State of Illinois would be grounds for revocation or suspension of your driver's license."

On October 10, 1958, the Driver's License Division of defendant's office received plaintiff's request for a hearing pursuant to the Statute. Such request was granted and a hearing was had on Nov. 14, 1958, at the conclusion of which defendant entered an order in which there appears the following findings of fact:

"(e) that the Driver's License Division received a copy of a report of conviction and a copy of a notice of revocation from the Department of Public Safety, Driver's License Division,

158

Tallahassee, Florida, showing that the petitioner's bond had been estreated on a charge of driving while under the influence of intoxicants in the County Court of Vero Beach, Florida on May 6, 1958."

The order then recites the following findings of law:

"(a) That the Secretary of State has authority to suspend the petitioner's license and driving privileges by virtue of Section 6–206(a)6 of the Illinois Motor Vehicle Law.

"(b) That the Secretary of State has authority to hold a hearing on this matter by virtue of Section 2–117(a) of the Illinois Motor Vehicle Law.

"NOW THEREFORE IT IS HEREBY ORDERED that on the basis of the above findings of fact and law that the Order of Suspension heretofore entered against the operator's license and driving privileges on July 25, 1958 be and hereby is affirmed."

Subsequently, plaintiff instituted the instant proceeding which resulted in reversal of defendant's order and from which the latter has appealed.

The first point argued by defendant is that his findings and order were supported by the record on review and therefore should not have been disturbed by the Circuit Court.

The findings of fact upon which the Secretary based his suspension order and to which we have previously referred, was the receipt of a copy of a report of conviction and a copy of a notice of revocation from the Florida Department of Public Safety. The record indicates that on the hearing such copies were received in evidence without objection. The report from the Florida Department shows that on May 6, 1958, plaintiff was convicted of the offense of driving while in-

toxicated. The record further shows that the Florida Department notified plaintiff that his license to drive a car in Florida was revoked for the reason that he had been charged in a Florida court with the offense of driving while under the influence of intoxicants and that his bond had been estreated.

The Trial Court in its order made the following finding of fact:

"That the action of the defendant in the instant case was based upon the finding by the defendant that the plaintiff suffered forfeiture of a cash bond posted by him in the County Court of Vero Beach, Florida, to secure his appearance on a charge of driving while under the influence of intoxicants."

In making such finding the court apparently overlooked the fact that the record shows receipt by defendant's office of a report of plaintiff's conviction as made by the County Court of Indian River County, Florida, to the Florida Department of Public Safety and that the record also contains a copy of the notice sent by said Department to plaintiff notifying him of the revocation of his license. The report of conviction plainly shows that plaintiff was convicted in the State of Florida of the offense of driving while intoxicated, affording an ample basis for defendant's finding with respect thereto.

Section 6–206(a)6 of the Illinois Motor Vehicle Law, Chap. 95½, Illinois Revised Statutes, 1957, provides as follows:

"(a) The Secretary of State is authorized to suspend or revoke the license or permit of any person without preliminary hearing upon a showing by his records or other sufficient evidence that such person:

160

6. Has been lawfully convicted of an offense in another state which if committed within this State would be grounds for suspension or revocation . . ."

Section 6–205 (a) 2 of the same Act provides:

"(a) Except as hereinafter provided, the Secretary of State shall forthwith revoke the license or permit of any operator or chauffeur upon receiving a report of such operator's or chauffeur's conviction of any of the following offenses:
"(2) Violation of Section 47 of the Uniform Act Regulating Traffic on Highways relating to the offense of operating a motor vehicle while under the influence of intoxicating liquor or narcotic drugs."

The foregoing sections of the Act authorized the Secretary of the State of Illinois to suspend a driver's license upon receipt of notice of an operator's conviction of driving while intoxicated in another state for the reason that such conviction, which if had in Illinois, would be grounds for such suspension.

The only remaining question to be resolved is whether the plaintiff was lawfully convicted under Florida law, thus warranting the Illinois Secretary of State in exercising the power granted by Section 6–206(a)6 of the Illinois Act. Chapter 322 of the 1957 Florida Statutes provides:

"Section 322.25—'When Court to forward license to Department and report convictions.'
"(3) For the purpose of this chapter, a forfeiture of bail or collateral deposited to secure a defendant's appearance in Court, which forfeiture has not been vacated, shall be equivalent to a conviction."

161

The Illinois Driver's License Act contains a similar provision and Section 6–204(b) provides as follows:

"(b) For the purposes of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court when forfeiture has not been vacated, or the failure of a defendant to appear for trial after depositing his operator's or chauffeur's license in lieu of other bail, shall be equivalent to a conviction."

Since the Florida Statute makes forfeiture of bail equivalent to a conviction we perceive no valid basis for holding that the record fails to show that plaintiff was not lawfully convicted in that State.

Plaintiff while conceding that his bond was forfeited for failure to appear in answer to the charge of violating the laws of Florida by driving while intoxicated, in effect argues that although under the Statutes of that State such a forfeiture is equivalent to a finding, the report of such conviction was not sufficient to authorize suspension of his Illinois license. The reason assigned in support of such contention is that Section 6–206(a)6 of the Illinois Act authorizes the Secretary of State to suspend a driver's license only upon a showing that such driver has been "lawfully" convicted of an offense in another state which in Illinois would be grounds for suspension and that the report upon which defendant acted failed to disclose such lawful conviction of plaintiff. In other words, plaintiff urges that there is some particular significance attached to the phrase "lawfully convicted" as employed in the Illinois Statute and that although a conviction if had in Illinois would be sufficient to warrant a suspension, nevertheless in the case of an out-of-state violation a conviction based on forfeiture of bail is not a lawful conviction within the meaning of the Illinois Act.

162

We think the Statute in question will bear no such interpretation.

■■■ The record plainly shows plaintiff was convicted in the Florida court of the offense of driving while intoxicated. Such offense if committed in Illinois would be grounds for suspension of plaintiff's license. Forfeiture of bond which has not been vacated under both the Illinois and Florida statutes is equivalent to conviction. Plaintiff forfeited his bond in the Florida court and by virtue of such forfeiture he stands convicted under the Florida Statute of the offense of driving while intoxicated in that State. Since plaintiff's conviction was in accordance with the Florida Statute it must be held to have been lawful. When a report of such conviction became a part of the records of the Illinois Secretary of State it constituted sufficient evidence to authorize that official to suspend or revoke plaintiff's driver's license. To otherwise conclude would amount to denying full faith and credit to a judgment of a sister state and would be contrary to the rule of law long established in this state that judgments of the various states import verity and public policy prohibits their indirect impeachment in Illinois. Rae v. Hulbert, 17 Ill. 572; Ambler v. Whipple, 139 Ill. 311, 28 N. E. 841. Plaintiff, having failed to challenge the validity of the judgment of conviction entered by the Florida Court, he cannot successfully collaterally attack the same in this proceeding.

■■ In many cases our Supreme Court has held that the findings of an administrative agency are not to be set aside unless manifestly contrary to the evidence. Parker v. Department of Registration and Education, 5 Ill.2d 288, 125 N.E.2d 494; Logan v. Civil Service Commission, 3 Ill.2d 81, 119 N.E.2d 754; Mohler v. Department of Labor, 409 Ill. 79, 97 N.E.2d 762. We have carefully examined the instant record and

163

are satisfied that the decision of the defendant Secretary of State finds ample support in the evidence. The judgment of the Circuit Court of Sangamon County is reversed.

Reversed.

REYNOLDS, P. J. and ROETH, J., concur.