Ross Wesley PRYOR, Appellant,

v.

Thomas A. DAVID, Director of Revenue, State of Missouri, Respondent.

No. 53888.

Supreme Court of Missouri, Division No. 1.

Jan. 13, 1969.

**4**

Ward A. Dorsey, John G. Brannon, North Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Ross Wesley Pryor, a Missouri citizen, sued the Director of the Department of Revenue of Missouri for an order restraining the enforcement of the director's order revoking plaintiff's driving privileges and for a review and a setting aside of the order of revocation. Having failed in the circuit court he has appealed to this Court, which has jurisdiction because a state officer as such is a party. Constitution of Missouri 1945, Art. V, § 3, V.A.M.S.

Pryor was charged in the State of Kansas with driving an automobile while intoxicated, an offense under the laws of that state. Kansas Statutes Annotated 8–530. He posted an appearance bond and was released. Failing to appear in court at the appointed time, Pryor's bond was forfeited. Under Kansas law a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, "shall be equivalent to a conviction." Kansas Statutes Annotated 8–253(c). The Kansas authorities assessed 12 points against Pryor's driving record, revoked his driving privilege for one year, and notified the Missouri motor vehicle registration authorities that Pryor had been convicted of driving while intoxicated and that the Kansas authorities had assessed 12 points on his driving record and revoked his driving privilege for 365 days. On this basis the supervisor of operator license registration, a division of the Department of Revenue of Missouri, assessed 12 points against Pryor's driving record and revoked his driving privilege for one year.

Section 302.160, RSMo 1959, V.A.M.S., provides: "When the director of revenue receives notice of a conviction in another state, which, if committed in this state, would result in the assessment of twelve points, he is authorized to assess the points and revoke the operating privilege as provided in section 302.304." [The latter section provides that the director shall revoke the operating privileges of any person whose driving record shows he has obtained 12 points in 12 months.]

The sole question is whether the forfeiture of a bond posted by a citizen of Missouri on a charge of driving while intoxicated in Kansas amounts to a "conviction" in Kansas authorizing the Director of Revenue of Missouri to assess 12 points on his driving record and revoke his driving privilege.

Appellant claims that § 302.160 authorizes penalties only upon a *conviction* in another state of an offense for which 12 points would be assessed in Missouri but that the section does not mention forfeiture of bond; that Pryor did not plead guilty, or authorize anyone to enter a plea of guilty in his behalf, or stand trial or appear in court, and therefore he was not *convicted* in Kansas, but merely voluntarily allowed a bond forfeiture to occur.

Appellant contends that a bond forfeiture cannot be a *conviction* because it is neither a plea of guilty nor a verdict or finding of guilty by a court. We are not here called upon to determine whether a bond forfeiture is a conviction within the strict meaning of a conviction of a crime. We are concerned with a statute providing for revocation of driving licenses for violations of traffic laws. It is a traffic safety measure. Appellant's contention must be rejected for both by statute and decision Missouri has equated forfeiture of bail

with conviction. Section 302.010(4), RSMo 1959, V.A.M.S., in defining the word "conviction" when used in Chapter 302, provides that "a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction, * * *." And see Levin v. Carpenter, Mo.Sup., 332 S.W.2d 862, 865, 79 A.L.R.2d 859 [4]. We agree with the Supreme Court of Virginia that a forfeiture of bail " * * * is as distinctly a conviction for the purpose of the revocation as a conviction on a plea of guilty or not guilty. No reason is found in the letter or the spirit of the statutes involved for construing them so as to provide for a violator of the [traffic] laws a door of escape from revocation of his license by the expedient of forfeiting his collateral instead of appearing to answer the charge." Lamb v. Parsons, 195 Va. 353, 78 S.E.2d 707, 710 [4].

■ It is conceded that Pryor forfeited his bond in Kansas, in a case in which he was charged with driving while intoxicated. Forfeiture of bond under both Kansas and Missouri statutes is equivalent to conviction. In legal effect and intendment, therefore, for the purposes of the Drivers' License Law, Pryor was convicted under the Kansas statutes of the offense of driving while intoxicated. The offense of driving while intoxicated in Kansas is an offense which, if committed in Missouri, would result in an assessment of 12 points and the revocation of operating privileges. §§ 302.-302, subd. (7), 302.304, RSMo 1959, V.A.M.S. So also one who forfeited his bond in Missouri on a charge of driving while intoxicated would be subject to assessment of 12 points and revocation of operating privileges. § 302.302, RSMo 1959, V.A.M.S. On receipt of the notice from the Kansas authorities the Director of Revenue of Missouri was authorized to take the action of which complaint is made. See Turro v. Carpentier, 26 Ill.App.2d 156, 167 N.E.2d 568; Scott v. Commonwealth ex rel. Joyner, 191 Va. 73, 60 S.E.2d 14;

Nelson v. Lamb, 195 Va. 1043, 81 S.E.2d 762, and Lamb v. Smith, 195 Va. 1053, 81 S.E.2d 768; 79 A.L.R.2d 871, § 4; 87 A.L.R.2d 1030, § 9.

■ It is true, as appellant argues, that when the General Assembly enacted § 302.-302, RSMo 1959, V.A.M.S. (setting up a point system to be used in suspension or revocation of licenses for specified violations and providing for the assessment of points "after a conviction or forfeiture of collateral"), Laws of Missouri 1961, p. 487, no mention was made of forfeitures occurring in foreign states and § 302.160 was not amended by adding the words "or forfeiture of collateral" to the word "conviction" occurring therein. And in 1965, when it repealed §§ 302.160, 302.302 and 302.309 and reenacted three new sections of like number and subject matter, Laws of Missouri 1965, p. 478, § 1, the General Assembly used the same language previously used ("conviction" in § 302.160 and "conviction or forfeiture of collateral" in § 302.302) without specifying both or making specific reference to foreign states. Ergo, says appellant, the General Assembly did not intend to make bond forfeitures occurring in a foreign state a ground for the assessment of penalty points. We do not so construe the statutes. Long before these later enactments the General Assembly had given the word "conviction," as and whenever used in Chapter 302, a definition which included bail forfeitures, without restricting forfeitures to those occurring within Missouri. Laws of Missouri 1951, p. 678. We cannot adopt a construction which negates a specific provision [that contained in § 302.010(4)] or which restricts and limits universal language [that contained in § 302.302]. Under the plain intent and meaning of these statutes a forfeiture of bail in Kansas on a charge of driving while intoxicated is tantamount to and the legal equivalent of a conviction of that charge.

Appellant tries to draw the distinction that although § 302.010(4) makes a bond

**6**

forfeiture *equivalent to* a conviction it cannot make bond forfeiture a conviction; that we are here dealing with more than one subject matter; that logically forfeiture of bail cannot be a conviction and at the same time equivalent to a conviction. By the enactment of § 302.010(4) the General Assembly meant to attribute to a bond forfeiture the same legal consequences as those which attend a conviction. The words employed clearly so indicate.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.