**Chester Sturgeon, Plaintiff-Appellee, v. Paul Powell,
Secretary of State, Defendant-Appellant.**

**Gen. No. 53,595.**

First District, Fourth Division.

December 31, 1969.

William J. Scott, Attorney General of State of Illinois,
of Chicago (Francis T. Crowe and Herman R. Tavins,
Assistant Attorneys General, of counsel), for appellant.

Edward M. Platt, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the
court.

This appeal has been taken by the defendant Secretary of State from an administrative review judgment of
the Circuit Court which reversed the action of defendant

in revoking plaintiff's automobile operator's license and driving privileges.

Defendant filed his appellant's brief, and plaintiff has now presented to this court a motion to dismiss the appeal on the ground of mootness. Plaintiff's contention in this regard is based on the fact that, after he had filed his complaint for administrative review in the Circuit Court, he received a letter from the office of defendant which we quote in full:

"OFFICE OF THE SECRETARY OF STATE
Springfield, Illinois 62706

"June 14, 1968

"Re: Section 6–206
"Acc. #123168 (1965)
"File #S362–1002–5326

"Mr. Chester Sturgeon
"10601 South 81st Court
"Palos Hills, Illinois

"Dear Mr. Sturgeon:

"This office has been notified by the Driver Control Section that the Order entered October 25, 1967 revoking your license to drive and driving privileges has been rescinded. Our file in that case against you has been closed.

"You remain in full compliance with the law in connection with Accident Case #123168.*

"Sincerely yours,

"/S/ B. T. Donne

---

* That file number concerned a "Safety Responsibility Suspension" which had been cleared through the filing with the Secretary of State of an insurance policy certificate by plaintiff's insurance company, as proof of financial responsibility.

"Drivers License Division B. T. Donne
"Safety Responsibility Section Supervisor
"BTD:JV:ilh"

Defendant opposes the motion to dismiss by referring to a June 5, 1968 order of the Circuit Court which stayed the revocation of plaintiff's license and restored his driving privileges subject to further order of court. By the same order, the administrative review proceedings were set for hearing on August 26, 1968. Defendant urges upon us the proposition that defendant's letter, quoted above, was merely his compliance with this order and that it had granted only temporary driving privileges pending final judgment by the Circuit Court. In support of his position, defendant attaches to his answer an affidavit of one William F. Dart, chief hearing officer for defendant, which says that the letter of June 14 was issued on the basis of the June 5 order.

Plaintiff responds to defendant's contention by directing our attention to an earlier document dated June 12, 1968, which he had received from the same source, and which he suggests was clearly defendant's response to the stay order. That document reads in full as follows:

"RESCINDING ORDER

"Chester Sturgeon Date: June 12, 1968
"10601 South 81st Court
"Palos Hills, Illinois License No.: S362–1002–5326

"YOU ARE HEREBY NOTIFIED that the Order of Revocation, entered by the Drivers License Division, effective October 25, 1967, is RESCINDED.

"This action is based on reports from the Circuit Court of Cook County, Illinois, that the Order of Revocation entered on October 25, 1967, is hereby Stayed. By further order of the court, your driving

384

privileges and drivers license will be restored, and the case has been reset for trial on August 26, 1968.

"Enclosed please find a Temporary Operator's Permit to be used while your license is in the process of being issued.

"B. T. Donne
"Supervisor

"Driver License Division
"Driver Control Section
"BTD:WFL:cr"

One cannot examine this "Rescinding Order" without seeing that plaintiff is correct in his interpretation that it was issued as a direct result of the court order staying the revocation, etc. It specifically so states, and it was employed as a covering letter to forward to plaintiff a "Temporary Operator's Permit."

 On the other hand, the letter of June 14, which defendant would have us construe as saying the same thing, in fact, says nothing of the kind. It states flatly, "Our file in that case against you has been closed." There is nothing ambiguous in these words, and we deem it significant that, neither by affidavit nor otherwise, has defendant contended that this letter was written by mistake or without proper authority. Under these circumstances we, too, must consider that the file has been closed so as to justify plaintiff's argument that the case has become moot. For all that appears from the record, this could have been the basis for the Circuit Court's judgment, since that court, as well as this, must refrain from making decisions upon moot questions which do not involve actual controversies. Harney v. Cahill, 57 Ill App2d 1, 9–10, 206 NE2d 500; People ex rel. Cairo Turf Club v. Taylor, 2 Ill2d 160, 116 NE2d 880.

Since the letter of June 14, 1968, was never withdrawn or explained away, it still stands so far as concerns the record in this case. And we do not understand that a case, once closed in that fashion, can be reopened on the kind of showing which has been made in response to this motion, or by the simple expedient of filing a brief in this court, as though the letter in question had never been written. Nor do the facts of this case present a question of public policy or public interest which might fall within the recognized exception to the doctrine of mootness. Daley v. License Appeal Commission, 55 Ill App2d 474, 476–477, 205 NE2d 269.

Accordingly, plaintiff's motion is allowed and the appeal is dismissed.

Appeal dismissed.

DRUCKER, P. J. and STAMOS, J., concur.