(No. 42967.—

CHESTER STURGEON, Appellee, *vs.* PAUL POWELL, Secretary of State, Appellant.

*Opinion filed November 18, 1970.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (ROBERT D. BRODT, Special Assistant Attorney General, of counsel,) for appellant.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The First District Appellate Court dismissed as moot the defendant Secretary of State's appeal from an administrative review judgment of the circuit court of Cook County reversing the revocation of plaintiff's driver's license. (118 Ill. App. 2d 382.) We granted leave to appeal. 43 Ill.2d 398.

On September 21, 1967, plaintiff Chester Sturgeon pleaded guilty in the circuit court of Cook County to reckless conduct (Ill. Rev. Stat. 1967, ch. 38, par. 12—5) and was admitted to three years probation. Sturgeon had originally been indicted for involuntary manslaughter based on the fact that a motor vehicle driven by him had struck and killed a child on June 5, 1966. On October 25, 1967, the defendant Secretary of State revoked the plaintiffs' license to drive pursuant to the provisions of section 6—206(a) 4 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1967, ch. 95½, par. 6—206(a) 4.) Following a hearing which affirmed the order of revocation, the plaintiff filed a complaint in administrative review. On June 5, 1968, a temporary stay order was issued by the circuit court which restored the plaintiff's driver's license to him pending further order of the court, and the matter was set for hearing on the merits. A permanent order reversing the Secretary of State's order of revocation, was issued on August 29, 1968, by the circuit court.

The problem before us arises from the receipt by plaintiff of two letters from the Secretary's office. The first was a June 12, 1968, "Rescinding Order" sent to plaintiff by the Driver Control Section of the Secretary's office and notified plaintiff that the revocation had been stayed, that his driving privileges were being restored and the case reset for trial. That letter is as follows:

"RESCINDING ORDER
Date: June 12, 1968
License No.: S362-1002-5326

Chester Sturgeon
10601 South 81st Court
Palos Hills, Illinois

YOU ARE HEREBY NOTIFIED that the Order of Revocation, entered by the Drivers License Division, effective October 25, 1967, is RESCINDED.

This action is based on reports from the Circuit Court of Cook County, Illinois, that the Order of Revocation entered on October 25, 1967, is hereby Stayed. By further order of the court, your driving privileges and drivers license will be restored, and the case has been reset for trial on August 26, 1968.

Enclosed please find a Temporary Operator's Permit to be used while your license is in the process of being issued.

B. T. Doone
Supervisor

Drivers License Division
Driver Control Section
BTD:WFL:cr."

A second letter, this from the Safety Responsibility Section, was mailed plaintiff on June 14 as follows:

"OFFICE OF THE SECRETARY OF STATE
Springfield, Illinois 62706
June 14, 1968
Re: Section 6—206
Acc. #123168 (1965)
File #S362-1002-5326

Mr. Chester Sturgeon
10601 South 81st Court
Palos Hills, Illinois

Dear Mr. Sturgeon:

This office has been notified by the Driver Control Section that the Order entered October 25, 1967 revok-

ing your license to drive and driving privileges has been rescinded. Our file in that case against you has been closed.

You remain in full compliance with the law in connection with Accident Case #123168.

Sincerely yours,

/s/ B. T. Donne
B. T. Donne
Supervisor

Drivers License Division
Safety Responsibility Section
BTD:JV:ilh."

The appellate court misconstrued this letter as terminating the controversy. The more reasonable construction is that urged by appellant: That it simply informed plaintiff that, since the October 25 revocation order was no longer in effect (as a result of the stay order) the file regarding his compliance with the financial responsibility requirements (Ill. Rev. Stat. 1967, ch. 95½, sub-ch. 7) necessitated by the October 25 revocation order had been closed. This letter further advised the plaintiff that he remained in full compliance with the financial responsibility requirements relative to a previous suspension of his driver's license resulting from an accident which occurred in 1965.

The letter of June 12 was received from the Driver Control Section of the Drivers License Division. The letter of June 14, however, was received from the Safety Responsibility Section of that division and, in view of the different sources of the two letters, we agree with appellant that they are properly subject to independent interpretation. So construed, they do not purport to terminate the controversy relating to the merits of the revocation order. This is paricularly true in light of that portion of the June 12th letter indicating that "the case has been reset for trial on August

26, 1968." While the letter of June 14 could have been phrased with much greater clarity, it seems to us more reasonable to construe it as referring only to the proof of future financial responsibility required by section 7—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1967, ch. 95½) which would have been necessary under the October 25, 1967, revocation had that revocation not been stayed. Thus interpreted, it becomes clear that the letters in quesion were not intended to dispose of the cause against plaintiff nor did they have that effect. In fact, it is somewhat inconsistent to contend that the actions of the Secretary mooted the case when he continually opposed the restoration of plaintiff's driver's license.

There does exist an actual controversy which is an essential requisite to appellate jurisdiction. *People ex rel. Cairo Turf Club, Inc.* v. *Taylor,* 2 Ill.2d 160; *People* v. *Redlich,* 402 Ill. 270.

Accordingly, the judgment dismissing defendant's appeal is reversed and the cause remanded to the Appellate Court for the First Judicial District for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*