CHESTER STURGEON, Plaintiff-Appellee, *v.* PAUL POWELL, Secretary of State, Defendant-Appellant.

(No. 53595; ■■■■■■)

First District—August 20, 1971.

William J. Scott, Attorney General, of Chicago, for appellant.

Edward M. Platt and Joseph C. Platt, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

This appeal was originally taken by defendant from an administrative review judgment of the circuit court which set aside the action of defendant as Secretary of State in revoking plaintiff's automobile operator's license. In this court, plaintiff moved to dismiss the appeal on the ground of mootness. We granted the motion for reasons stated in *Sturgeon v. Powell*, 118 Ill.App.2d 382. Defendant appealed to the Illinois Supreme Court which decided that an actual controversy exists, and therefore reversed our judgment and remanded the cause to this court. (47 Ill.2d 99.) Accordingly, we allowed defendant's motion to reinstate the case and granted the parties time to file further briefs which they elected not to do. Plaintiff has never filed a brief in this court.

Defendant's argument is that plaintiff's driver's license was properly revoked under Ill. Rev. Stat. 1967, ch. 95½, par. 6—206(a)(4) when it was shown that he had, by unlawful operation of a motor vehicle, caused or contributed to an accident which had resulted in death or injury to a person. The evidence showed that plaintiff had originally been indicted for involuntary manslaughter when a motor vehicle driven by him struck and killed a child. Plaintiff pleaded guilty to the lesser charge of reckless conduct (Ill. Rev. Stat. 1965, ch. 38, par. 12—5), and was admitted to three years' probation on September 21, 1967. Plaintiff's driving abstract, which is in the record, shows, in addition to the conviction just referred to, a 1963 conviction for speeding, an October 1964 conviction for disregarding a stop sign, a December 1964 conviction for speeding, involvement in an automobile accident in October 1965, and a November 1965 conviction of driving while his view was obstructed. The record did show, however, that at the time of the occurrence which resulted in probation, he held a valid operator's license.

At the hearing in the office of the Secretary of State, plaintiff's counsel represented that there had been an agreement with Mr. Wise, the Assistant State's Attorney, that if plaintiff were to plead guilty to the reckless conduct charge, his driving privileges would not be jeopardized. The hearing officer, without objection, called Mr. Wise, who denied making

any agreement not to attempt to effect revocation of plaintiff's license. Plaintiff testified in his own behalf that the child killed in the accident had darted out in front of his car when he was going about 30 to 40 miles per hour. While the offense of reckless conduct need not relate to the driving of an automobile, the testimony before the hearing officer made it clear that the conduct involved in the instant case was the driving of an automobile by plaintiff.

The constitutional validity of the statute under which plaintiff's license was revoked was upheld in *Haswell v. Powell*, 38 Ill.2d 161, 164—5. The rule with regard to administrative review of agency decisions is that they "are not to be set aside unless manifestly contrary to the evidence." *Turro v. Carpentier*, 26 Ill.App.2d 156, 163; *Kellogg Corp. v. Department of Revenue*, 14 Ill.2d 434, 439.

Plaintiff has not demonstrated to our satisfaction that the decision of the Secretary of State was against the manifest weight of the evidence. The order of the circuit court setting aside the revocation of plaintiff's license is therefore reversed.

Judgment reversed.

DRUCKER and STAMOS, JJ., concur.