**James M. CARTER, Appellant,**

v.

**The DEPARTMENT OF PUBLIC SAFETY,**
**Division of Motor Vehicles,**
**Appellee.**

Superior Court of Delaware,
New Castle.

April 5, 1972.

John S. Grady, Wilmington, for appellant.

Mason E. Turner, Jr., Deputy Atty. Gen., Wilmington, for appellee.

## OPINION

WRIGHT, Judge.

On March 14, 1971, appellant was arrested in Maryland for a violation of 66½ Md. Code § 11–902(a).[1] He was taken to a local magistrate's court where he deposited a one hundred dollar bond. On March 17, 1971, the bond was forfeited when Mr. Carter failed to appear for trial. The court then entered a conviction against him based on 66½ Md. Code § 6–204.1.[2] Information of the conviction was conveyed to Mr. Carter and to the Delaware Division of Motor Vehicles, along with a notice that Mr. Carter's Maryland driving privilege was revoked for at least ninety days. On May 14, 1971, the Delaware Director of Motor Vehicles gave notice to Mr. Carter that his Delaware license was revoked for one year. This notice contained a checklist under a column headed "Revocation", and opposite a typed x was the printed phrase "convicted of driving a vehicle while under the influence of intoxicating liquor or narcotic drug", over which were typed the words "conv. in Md.". Upon receiving this notice, Mr. Carter requested the Division of Motor Vehicles to grant him a hearing. His request was granted and a hearing was held before an examiner

on June 24, 1971. Thereafter Mr. Carter was notified by the examiner that his license was to remain revoked under 21 Del.C. § 4176.[3] Mr. Carter now brings this appeal under 21 Del.C. § 2734. He urges that the hearing examiner erred in revoking his license on the basis of 21 Del.C. § 4176 and that in any event his license cannot be revoked because of a Maryland conviction since he was never actually tried there.

As to whether a forfeiture of bail which is equivalent to a conviction under the laws of another state may properly be treated as a conviction by Delaware authorities, I find that that question has not previously been considered by our courts. Cases from other jurisdictions involving similar factual situations as the instant case agree that as a matter of comity and of giving full faith and credit to the acts and judicial proceedings of another state, the determination by the state wherein the offense was committed that a forfeiture of bail is equivalent to a conviction should be accepted by other states. U.S.Const. art. IV, § 1; Turro v. Carpentier, 26 Ill.App.2d 156, 167 N.E.2d 568 (App.Ct.1960); Pryor v. David, 436 S.W.2d 3 (Mo.1969). Accordingly, I hold that the entry of a conviction against appellant in Maryland following his forfeiture of bond there should be regarded as a Maryland conviction by Delaware officials.[4]

1. 66½ Md. Code § 11–902(a) states that "It shall be unlawful for any person to drive or attempt to drive or to be in actual physical control of any vehicle within this State while he is in an intoxicated condition."

2. 66½ Md. Code § 6–204.1 states, in pertinent part, that "For the purposes of this subtitle the term 'conviction' means a final conviction. Also, for the purposes of this subtitle an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court . . . shall be equivalent to a conviction."

3. 21 Del.C. § 4176 states, in pertinent part, that "(a) Whoever drives, operates or has in actual physical control a motor vehicle while under the influence of intoxicating liquor or of any drug or combina-

tion of drugs and intoxicating liquor shall be fined . . . or imprisoned . . . or both . . . (b) Upon conviction of any one under subsection (a) of this section, the judge of the court in which the case was tried shall certify the facts and record in the case to the Secretary, who shall forthwith revoke the driver's license of the party so convicted for a period of one year. . . ."

4. One of the issues raised by appellant at his hearing was that since the Maryland law he was convicted of violating contains a prohibition against *attempting* to drive while intoxicated, which is conduct not prohibited by Delaware law, a conviction under 66½ Md.C. § 11–902 (a) should not be recognized in Delaware. However, the official notice received from

■ Appellant also contends that even if he was convicted of an offense in Maryland, his license cannot properly be revoked under 21 Del.C. § 4176. I agree. 21 Del.C. § 4176 is a penal statute which sets out the prohibition against operating a motor vehicle while under the influence of intoxicants, and requires that the license of anyone convicted of violating that provision be revoked. However, the statute does not on its face purport to have extraterritorial effect, nor can it have in its application. "Laws have no force of themselves beyond the jurisdiction of the state which enacts them . . ." Huntington v. Attrill, 146 U.S. 657 at 669, 13 S.Ct. 224, 228, 36 L.Ed. 1123 (1892). Hence, appellant may not be denied his license under a law punishing conduct in Delaware when the offense alleged was committed in Maryland. It is clear from the transcript of the hearing and from the subsequent notification to Mr. Carter of the results of that hearing that the hearing examiner believed his source of authority for the revocation to be 21 Del.C. § 4176. Since the examiner cites no other authority for the revocation, his erroneous conclusion as to the law applicable to the case requires that his decision be reversed.

The fact that 21 Del.C. § 4176 is inapplicable here does not end the matter. Mr. Carter's license was first revoked prior to the hearing by the Director of Motor Vehicles. Notice of that revocation did not cite statutory authority, and appellee now argues that even if 21 Del.C. § 4176 is inapplicable, appellant's license is revocable under the mandatory provisions of 21 Del. C. § 2732 [5] or the discretionary provisions of 21 Del.C. § 2733(d) [6] or 21 Del.C. § 8101, art. IV [7], and that therefore the Director's original revocation should now be upheld on the basis of any of these statutes.

■ To treat appellant's Maryland conviction as a conviction within the meaning of 21 Del.C. § 2732 would also give extraterritorial effect to that provision. 21 Del.C. § 2731 provides for the forwarding to the Director of Motor Vehicles of records of convictions by Delaware courts for offenses committed within the State of Delaware, and 21 Del.C. § 2732 clearly contemplates actions based on receipt of those convictions. Further, 21 Del.C. §§ 2733(d) and 8101, art. IV deal specifically with out of state traffic convictions, and to hold 21 Del.C. § 2732 also applicable to out

Maryland officials states that appellant was convicted specifically of operating a vehicle while intoxicated. Since appellant did not offer testimony to the contrary at his hearing, it is proper to assume that (1) appellant was properly convicted in Maryland, and (2) he was convicted of operating a vehicle while intoxicated, an offense clearly recognized under Delaware law.

5. 21 Del.C. § 2732 is captioned "Mandatory revocation of license" and reads, in pertinent part, "The Department shall forthwith revoke the license or driving privileges, or both of any person upon receiving a record of the conviction of such person of any of the following crimes— . . . (3) Driving a vehicle while under the influence of intoxicating liquor or narcotic drug; . . ."

6. 21 Del.C. § 2733 is captioned "Discretionary suspension or revocation of license", and paragraph (d) thereunder reads "The

Department may suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which if committed in this State, would be grounds for the suspension or revocation of the license of an operator or chauffeur."

7. 21 Del.C. § 8101 is part of Delaware's enactment of the Interstate Driver License Compact, and article IV(a), "Effect of Conviction", reads in pertinent part "The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state, in the case of convictions for: . . . (2) Driving a motor vehicle while under the influence of intoxicating liquor . . ."

of state violations would render 21 Del.C. §§ 2733(d) and 8101, art. IV of no effect, a result I am confident our legislature did not intend. For these reasons, I hold that 21 Del.C. §§ 2733(d) and 8101, art. IV are the only licensing provisions which bear on the effect of out of state traffic convictions on Delaware residents' Delaware driving privileges.

There remains the question of what application 21 Del.C. §§ 2733(d) and 8101, art. IV have to the case, if any. As noted, those statutes allow suspension or revocation of a license, without mention of a right to a hearing, where notice of certain out of state traffic convictions are received by the Director of Motor Vehicles. Appellee asserts that under these provisions appellant's license was subject to revocation or suspension without a hearing. To the contrary, appellant cites Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). There the United States Supreme Court considered the constitutionality of a Georgia statute which allowed the removal of a driver's license prior to hearing and without a determination of fault in effecting that state's driver financial responsibility scheme. The Court found that such procedures fail to meet the requirements of due process, stating that " 'it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford notice and an opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Ibid* at 542, 91 S.Ct. at 543.

■ I agree with the court in Broughton v. Warren, 281 A.2d 625 (Del. Ch.1971) that the presence on our highways of one who is a reckless driver or drives while intoxicated or is suspected of committing manslaughter with a motor vehicle or a like offense may constitute an emergency permitting suspension of a license without a hearing. However, Bell v. Burson, *Ibid* and the cases cited therein make it abundantly clear that in non-emergency situations one who is suspected of violating the motor vehicle laws is entitled to proper notice and a hearing before he loses his license, and that even in emergency situations where a license is removed before a hearing, the suspected offender must be given an opportunity to be heard before a final order is entered. In view of the fact that the offense in question here was driving while intoxicated, I find that it would have been within the discretion of the Director of Motor Vehicles to determine that an emergency existed and to remove appellant's license pending a hearing. However, the twin requirements of due process reiterated in Bell v. Burson, *Ibid* were not met here. First, appellant was notified that his license was revoked when it could properly only have been suspended. Further, in addition to being denied a hearing prior to revocation, appellant was not sufficiently apprised by the notice of the particular law on which the revocation was based. That the cryptic comment "conv. in Md." is not proper notice is evidenced by the fact that the record of the hearing in this case reflects that neither the hearing officer nor appellant's attorney properly addressed themselves to the applicability of 21 Del.C. §§ 2733(d) and 8101, art. IV to this case. Therefore in view of the premature revocation and the lack of proper notice here, the Director of Motor Vehicles' revocation of Mr. Carter's license is also invalid.

For the reasons cited herein, the decision appealed from is reversed.

It is so ordered.