Triangle Outdoor Advertising Company, Plaintiff-Appellee, *v.* Harry F. Chaddick *et al.,* Defendants-Appellants.

(No. 54311; ▮▮▮▮▮▮▮▮▮

First District—July 14, 1972.

*Rehearing denied August 8, 1972.*

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen, Edmund Hatfield, William R. Quinlan, and Harvey N. Levin, Assistants Corporation Counsel,) for appellants.

Maurice J. Nathanson, of Chicago, (Ronald S. Cope, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

On August 4, 1964, plaintiff was ordered by the Zoning Administrator of Chicago to remove a signboard it maintained at 3024-26 South Ashland Avenue. The order stated that the signboard was in violation of Section 10.14 of the Chicago Zoning Ordinance. The relevant portion of this section provides as follows:

"(4) No advertising sign shall be permitted within 400 feet of * * * the main roadway of a specified major route if the face thereof is visible therefrom, * * * ."

This order was affirmed by the Chicago Zoning Board of Appeals on October 24, 1967. On review to the Circuit Court of Cook County under the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 10, par. 264, *et seq.*), the decision of the Zoning Board of Appeals was set aside. Defendants, the Zoning Administrator, the Zoning Board of Appeals and the City of Chicago, appeal from this decision of the circuit court.

● 1 The two issues presented on appeal are (1) whether the signboard

is a legal non-conforming use under the Chicago Zoning Ordinance and (2) whether even if the signboard is a legal nonconforming use, the City may nevertheless order it removed under Section 10.14(4) to protect the public's health, safety and welfare under its general police power. Both issues arise within the context of the established rule that a decision of an administrative body should not be reversed unless it is contrary to the manifest weight of the evidence. See *Gloss v. Board of Trustees, Firemen's Pension Fund*, Ill.App.2d, 270 N.E.2d 472, 474; *Sturgeon v. Powell*, 1 Ill.App.3d 130, 132, 273 N.E.2d 617.

The facts brought out at the hearing before the Zoning Board of Appeals are as follows: The signboard in question is built on the west side of Ashland Avenue on the south embankment of a right of way belonging to the Gulf, Mobile & Ohio Railroad Company and faces in a southerly direction toward the Stevenson Expressway. At that location the railroad and the expressway run parallel east and west as they pass over Ashland Avenue. The signboard is about 160 feet from the expressway and is clearly visible therefrom; it contains an advertisement for a named brand liquor. The area in which the signboard is located is zoned M34 Heavy Manufacturing District.

In 1947 plaintiff's affiliate was issued a permit by the City to construct a signboard on the subject site with the following dimensions: 40 feet long, nine feet high and 15 feet above the ground; a signboard was constructed pursuant thereto. At that time the Stevenson Expressway was not in existence. Plaintiff's counsel stated that the original sign was "nearly but not exactly parallel with Ashland Avenue."

Some time prior to 1964 the sign was redesigned, i.e., rebuilt and greatly increased in height. Plaintiff's counsel claimed that a permit for reconstruction had been issued by the City but produced no evidence in support thereof. Photographs introduced into evidence show that the sign, as redesigned, forms an angle with Ashland Avenue of somewhere between 45 and 80 degrees.

Based on the foregoing facts the Zoning Board of Appeals, in effect, decided that the sign was not a legal non-conforming use and concluded that:

"[T]he said signboard is located in an M3-4 Heavy Manufacturing District; * * * the sign structure was redesigned and the height increased to enable the advertisement to face newly constructed Stevenson Expressway; that no permit was issued for the new redesigned structure * * * ; that the signboard is in violation of Article 10.14(4) of the Chicago Zoning Ordinance * * * ."

*Opinion*

It is undisputed that plaintiff's signboard is within 400 feet of a major

route, the Stevenson Expressway, is visible therefrom and is therefore in clear violation of the language of Section 10.14(4) of the Chicago Zoning Ordinance hereinabove set forth.

More relevant to this appeal, however, is the implicit decision of the Zoning Board of Appeals that the signboard is not a legal non-conforming use. It is the correctness of this conclusion that forms the first issue raised on appeal.

There is no disagreement that the original sign erected in 1947 was then a legal use. Plaintiff maintains that the signboard became a legal non-conforming use with the enactment, in 1957, of the comprehensively amended Chicago Zoning Ordinance (including Section 10.14(4) ) and the subsequent construction of the Stevenson Expressway. Plaintiff relies on Section 6.4 of the Chicago Zoning Ordinance which provides:

"Any lawfully existing * * * structure which does not conform to the regulations of the district in which it is located may be continued subject to the provisions of this Section 6.4."

The real controversy surrounds Sections 6.4—2 and 6.4—3 of the Ordinance both of which place restrictions on the general language of Section 6.4.

Section 6.4—2 provides in relevant part:

"A non-conforming building or structure which is non-conforming as to bulk, or all or substantially all of which is designed or intended for a use not permitted in the district in which it is located shall not be added to or enlarged in any manner unless such additions and enlargements thereto are made to conform to all the regulations of the district in which it is located, * * * ."

Section 6.4—3 provides:

"No building or structure which does not conform to all of the regulations of the district in which it is located shall be moved in whole or part to any other location on the lot unless every portion of such building or structure which is moved and the use thereof is made to conform to all the regulations of the district in which it is located."

Defendants argue that when the sign was redesigned just prior to 1964 it lost its status as a legal non-conforming use under both of the above sections because it then became subject to all applicable regulations governing signboards in the district; specifically, it became subject to Section 10.14(4) and was in violation thereof due to its proximity to the Stevenson Expressway.

Plaintiff argues that Sections 6.4—2 and 6.4—3 are inapplicable to the facts in the record. We cannot agree.

Section 6.4—2 applies to structures which prior to the time of alteration were either (1) non-conforming as to "bulk"or (2) designed or

intended for a "use" not permitted in the district in which they are located.

Plaintiff urges that Section 6.4—2 is not applicable because under Section 10.14—3 the size or bulk is unrestricted and the use is permitted. That section provides:

"In the M3-1 to M3-5 Districts inclusive, business and advertising signs are permitted without restriction, except that roof signs shall not project higher than 50 feet from the curb level, except as provided in Section 10.4—3 and *except as provided near* public parks, *major routes* and Residence Districts *in Section 10.14.*" (Emphasis added.)

We find, however, that under the exception in the above section the use is not permitted since the sign is near a major route subject to the restriction of Section 10.14 of being located within 400 feet of the expressway and visible therefrom. Therefore, Section 6.4—2 is applicable and the sign lost its nonconforming status when it was admittedly enlarged.

As to Section 6.4—3, there is sufficient evidence in the record to show that the sign was "moved" when reconstructed. Plaintiff's counsel stated that the original sign was "nearly but not exactly parallel with Ashland Avenue". Photographs in the record show that the sign now forms an angle of somewhere between 45 and 80 degrees with Ashland Avenue. This too supports the conclusion of the Zoning Board that the sign no longer maintained its status as a lawful non-conforming use.

● 2 We find that when the sign was reconstructed it lost its status as a lawful non-conforming use because it then failed to comply with Section 10.14(4) of the Chicago Zoning Ordinance. In view of our position we deem it unnecessary to deal with the second contention raised by defendants.

The decision of the circuit court is reversed.

Judgment reversed.

LORENZ, P. J., and ENGLISH, J., concur.